# CHARLESTON.

CLIFTON W. WHITMORE *v.* F. S. RODES

(No. 5793)

Submitted March 1, 1927.   Decided March 8, 1927.

LANDLORD AND TENANT—*Proof of Actual Delivery of Lease is Not Necessary to Recovery of Rent on Showing Acts Consistent With Actual Delivery; on Clear Showing That Parties Considered Lease Binding From Time of Signing and Acted Accordingly, Delivery is Presumed.*

Where the lessor and lessee meet and, in the presence of each other, sign a written lease prepared by the former, proof of an actual, manual delivery of the instrument to the lessee is not a necessary incident to a recovery of rent due thereunder by the lessor, if it be shown that said lessor's acts have been consistent with an actual delivery, and that the lessee, by formal assent or unequivocal acts, such as entering into possession of the premises and paying rent for a time in accordance with the terms of the writing, has treated the instrument as being actually in force and binding on him. Delivery is a matter of intention; if it clearly appear from the

evidence that both the lessor and lessee considered the lease as binding upon both of them at the time of signing, and acted in accordance therewith, delivery thereof is presumed.

(Landlord and Tenant, 35 C. J. §§ 417. 418; 36 C. J. § 1350.)

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Error to Circuit Court, Kanawha County.

Motion for judgment by Clifton W. Whitmore against F. S. Rodes. Judgment for defendant, and plaintiff brings error. *Judgment reversed; verdict set aside; new trial awarded.*

*A. G. Thompson,* for plaintiff in error.

*England & Ritchie,* for defendant in error.

Woods, Judge:

Motion for judgment in the circuit court of Kanawha county to recover rent claimed to be due under an alleged written lease. Judgment for the defendant.

Whitmore, the plaintiff, after some negotiations with Rodes, the defendant, agreed to lease the latter a certain store-room at 217 Broad street, in the city of Charleston, which said agreement was reduced to writing. By the provisions of said writing, bearing date of August 1, 1923, Rodes was to have the use of said store-room for a period beginning with the date thereof and ending December 31, 1924, at a monthly rental of $125.00. Rodes, Whitmore and Whitmore's wife, according to the testimony of Whitmore, signed duplicate copies of said writing, one copy thereof being delivered to Rodes at the time of signing. After terms had been agreed upon and the writing signed, Rodes ordered a stock of goods from a firm in Ohio, moved same into said store-room and occupied the same for a period of ten months, paying the rent provided in the written lease. On May 1, 1924, Rodes gave Whitmore notice that he intended to vacate during the month, and did vacate on May 28th. Whitmore, by his attorney, filed a notice (service thereof having theretofore been accepted) on the 29th day of December, 1924, that he would move the circuit court on the 19th day of January, 1925, or as soon thereafter as he might be heard, for judgment for

rent under said lease for the period June 1st to the expiration date of the lease, namely December 31, 1924. Defendant pleaded the general issue, and was permitted, over the objection of the plaintiff, to file a special plea setting up certain offsets against plaintiff's claim. The jury returned a verdict for the defendant and judgment was entered thereon. Plaintiff claims error.

The error relied on for reversal is that the jury were not properly instructed. The court denied all of plaintiff's instructions and gave two at the instance of the defendant. Plaintiff's instruction number three was to the effect that the jury must find for the plaintiff in the event they believe from the evidence that a copy of the written lease introduced in evidence was signed by the plaintiff and was delivered to the defendant and accepted by him. It is admitted by the defendant that he signed the lease. So the question of whether a written lease signed by the lessor is binding, although not signed by the lessee when the lessee has taken possession thereunder, does not arise here. The sole controverted fact presented in this case is whether there had been a delivery to defendant of the lease. Whitmore testified that he signed the lease and delivered it to the defendant. Hence the instruction asked for, applied to the facts in the case, properly defined the issue involved here. Where conflicting theories of a case are presented by the evidence, each party is entitled to have his view of the case presented to the jury by proper instructions. It was error to refuse the instruction. *Palmer* v. *Magers,* 85 W. Va. 415; *State* v. *White,* 81 W. Va. 516; *Shires* v. *Boggess,* 72 W. Va. 109; *Caroway* v. *Cochran,* 71 W. Va. 698; *State* v. *Clark,* 64 W. Va. 625.

The defense of the defendant is that the writing he signed was never delivered to him—hence, it was not an executed paper and not binding on him. While admitting that he read the lease, and that the same seemed satisfactory, he further testified that at the time of signing Whitmore explained to him that another party must sign before delivery of a copy could be made to him, but that Whitmore did not advise him as to the identity of said other party. For this

reason Rodes claims that he occupied the store-room in question only as a tenant at will or as a tenant from month to month, and subject to removal at the end of said rental period, on proper notice from Whitmore. He states that he moved to more permanent quarters to protect his business. Whitmore, however, proceeds on the theory, and so testifies, that he and his wife signed the lease at the time defendant admits signing it, and that he handed one copy of said lease to the defendant at the time that defendant presented his check for the rent. This latter statement of fact is not denied by Rodes, except to the extent that Whitmore at the time made no delivery to Rodes of a copy, saying that it must be signed by "another party". Rodes does not say that Whitmore and his wife's signatures were not on the lease at the time he (Rodes) signed it. It is contended by counsel for Whitmore that if Whitmore had signed the lease at the time Rodes delivered the check and signed it, that if Rodes acted upon the writing by entering into occupancy of the premises thereafter and paying rent according to the terms of the writing, and that if Whitmore at all times thereafter recognized the existence of said lease and its terms, then there was a constructive delivery of the lease, and both the lessor and lessee were bound thereunder, even though there had been no manual delivery of a copy to Rodes. This we believe to be the law. "Delivery being a matter of intention, it may be determined from the action and words of the grantor and the circumstances surrounding the transaction." *Reed* v. *Gunter,* 101 W. Va. 514. Also see *Hunt* v. *Hunt, trustee,* 91 W. Va. 685; *Foreman* v. *Roush,* 87 W. Va. 341; *Furguson* v. *Bond,* 39 W. Va. 561. While the foregoing cases involved the constructive delivery of deeds, it would seem that the principle is the same in the case of leases. A deed is a conveyance and so is a lease. Tiffany, Real Prop. (2nd Ed.) Vol. 1, pp. 98-103; *Coal & Coke Co.* v. *Tax Com'r.,* 59 W. Va. 605; *Headley* v. *Hoopengarner,* 60 W. Va. 626. In the case of *Dupuis* v. *Kipnis,* 217 Ill. A. 254, the question was whether, when the lessees had signed the lease and delivered it to the lessor, and the lessor had delivered possession of the prem-

ises to the lessees, and the lessees had accepted such possession, and the lessor had signed the lease, was it essential to bind the lessees that the lease should have been delivered to the lessees? This is the exact case here. The Illinois court held that under well recognized rules of law the tenants were bound.

In view of the testimony of Whitmore, he was entitled to have the jury instructed on the question of what constituted a constructive delivery, if such an instruction was requested. Whitmore contends that instruction number four performed that office. This instruction might have been proper had it been limited to the situation of the parties at the time that Rodes signed the lease, but it extended the time in which there may be constructive delivery to "shortly thereafter". This latter provision makes the instruction faulty. Being so, it was not incumbent upon the court to give it. If an instruction does not correctly expound the law, the court, as a general rule may refuse to give it, and is not bound to modify it or give any other instruction in its place. *State* v. *Legg,* 59 W. Va. 315; *Railway Co.* v. *Stock,* 104 Va. 97.

The defendant's two binding instructions undertook to cover the whole case and to state all the circumstances and conditions to be considered by the jury in arriving at a verdict, but omitted the theory of a constructive delivery of the lease—an essential element of the case. They were erroneous for that reason. *Stuck* v. *Railroad Co.,* 78 W. Va. 490; *Petry* v. *Coal Company,* 77 W. Va. 654; *Gordon* v. *Elmore,* 71 W. Va. 195; *Del-Mar Oil Co.* v. *Bartlett,* 62 W. Va. 700.

For the error committed, we reverse the judgment, set aside the verdict of the jury, and award the plaintiff a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*