# CHARLESTON.

ROBERT D. SCOTT *v.* NORFOLK & WESTERN RAILWAY COMPANY

(No. 5899)

Submitted November 8, 1927.    Decided November 15, 1927.

EVIDENCE—*Generally Self-serving Declarations Are Not Admissible in Behalf of Declarant.*

> It is a general rule of broad application that self-serving declarations are not admissible in behalf of the declarant.
>
> (Evidence, 22 C. J. § 193.)
>
> ---
> (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mingo County.

Action by Robert D. Scott against the Norfolk & Western Railway Company. Judgment for plaintiff, and defendant brings error.

> *Judgment reversed; verdict set aside; new trial awarded.*

*F. M. Rivinus, Goodykoontz & Slaven* and *Holt, Duncan & Holt,* for plaintiff in error.

*Randolph Bias,* for defendant in error.

LITZ, JUDGE:

The plaintiff sues under the Federal employers' liability act for personal injury, resulting in hernia, caused by the alleged negligence of his fellow servants while employed by the defendant, March 25th, 1924, in removing rails by use of a push car, from one of its tracks over which interstate trains are operated.

The case has been tried twice, resulting each time in a verdict of $1,500.00 for the plaintiff. He was the only eye witness to the accident testifying at either trial. His version on the first trial follows: "Well, we got a load of steel on and rolled it down to where we were supposed to dump it, where another big pile of steel was, and of course when the car is

filled with rails the first rail is on the edge, and we can lift that clear without see-sawing, and we lifted them clear until we got off four or five rails, and then we see-sawed them up to the edge of the car and lifted them clear off without dropping them on the ground; we would take them off of the edge of the car and take them to where we threw them. There was about six men on the opposite end from me, they were see-sawing it up to the edge of the car, and they shoved their end and the rail wheeled around on the car and knocked me against the other rail.'' He testified also that the rail struck him in the abdomen, causing hernia. The judgment of the circuit court setting aside the verdict was affirmed on a former writ of error because the evidence in the opinion of this Court was insufficient to establish the negligence charged.

At the second trial the plaintiff amplified his former statement by adding that it was usual and proper in the unloading of rails for the men at each end to lift in unison, but that on the occasion of the accident the servants at the end opposite him seized and moved from the car their end of the rail before he and those with him took hold of it or knew that the other end was being removed. We think this was clearly an act of negligence on the part of those removing the rail without warning the plaintiff.

It is conceded that the plaintiff suffered the effects of hernia immediately following an injury sustained by him March 25, 1924, while engaged in the service of the defendant, but the company insists that the injury was caused by lifting and not by the impact of a steel rail, as he claims. In support of its contention, the defendant proved by several witnesses an alleged statement of the plaintiff that he was injured by lifting. It also showed by several physicians that a lick sufficient to produce traumatic hernia to a person physically normal will leave evidence of the blow on the body, and by two surgeons in its employment who operated on the plaintiff the following day that they found no evidence of a lick on the body, and that he was suffering from an inguinal type of hernia. It may be that a dormant case of inguinal hernia will become active from a blow to the groin which is insufficient to cause traumatic hernia, as well as by a strain from

lifting.    The testimony on this issue is substantially the same as that presented at the first trial.

The plaintiff was permitted to introduce over the objection of the defendant a report of its claim agent based upon the statement of the plaintiff made twenty-five days after the accident to the effect that he had been struck by the rail. In admitting this evidence the trial court said: ''It can only go in for one purpose of showing if there is any change in the evidence in that the plaintiff said that he slipped and received this injury by reason of lifting this rail and the other being that the rail hit him, and for that reason or the purpose of contradiction of witnesses along that line this will be introduced.''    Just what the court meant by this statement is not clear.    At all events the evidence was purely self-serving and prejudicial to the defendant.    A similar report offered through another witness was excluded.

''It would be obviously unsafe if parties to litigation were without restriction allowed to support their claims by proving their own statements made out of court.    Such a practice would be open not only to all the objections which exist against the admission of hearsay in general, but would also open the door to fraud and to the fabrication of testimony.    Of course, when the statements of the party become relevant on other grounds, as when they form part of the act or contract to be proved, or where they constitute part of the *res gestæ,* they are admissible whether favorable or unfavorable to his interests.    But it is a general rule of broad application that the declarations of a party in his own favor are not admissible in his behalf.''    2 Jones Commentaries on Evidence (2nd ed.) Sec. 895.    For the admission of the evidence complained of the judgment is reversed, the verdict of the jury set aside, and a new trial awarded the defendant.

*Judgment reversed; verdict set aside;*
*new trial awarded.*