WALTER MORRIS v. JOHN W. PARRIS

(No. 6861)

Submitted January 28, 1931.   Decided February 10, 1931.

*E. S. Bock* and *A. M. Belcher,* for plaintiff in error.
*Payne, Minor & Bouchelle,* for defendant in error.

MAXWELL, JUDGE:

Plaintiff seeks reversal of a judgment upon a verdict for defendant.

As plaintiff and defendant approached each other in their automobiles from opposite directions on the Charleston-Clendenin highway, the defendant started to turn his car off the highway to reach a filling station on his left, but after passing part of the way over to the left edge of the 16 foot concrete surface, he turned back to his own side of the road. The plaintiff, however, upon seeing the defendant's car veer to the left and being fearful that a collision would be unavoidable if he remained on the concrete, turned his machine from the road to the comparatively level ground on his right. As a result of so doing, his automobile collided with several objects in succession with consequent serious personal injuries to himself and considerable damage to his automobile. The alleged excessive speed of the plaintiff is charged by the defendant to have constituted contributory negligence and to have been the proximate cause of the accident. Upon the issue of fact arising on this defense, the jury was warranted in believing that if the plaintiff had not been running at very high speed, his automobile, as appears from the evidence, would not have struck a loaded truck, weighing around 6200 pounds parked with set brakes four or five feet from the edge of the concrete, with sufficient force to knock it forward twenty feet, and to carom from the truck into a store building about twelve feet away, and then not to stop until after it had crashed through a substantial wire fence a few feet from the building. We could not therefore hold that the verdict was against the evidence and that the court erred in overruling plaintiff's motion to set aside the verdict on that ground. The assignment of error involving this point is not well taken.

The remaining ground of error pertains to the instructions. It is said that there is inconsistency between the instructions on behalf of the plaintiff and those on behalf of the defendant, and that certain of the defendant's instructions are inherently incorrect. On the question of inconsistency it be-

104

comes necessary to give attention to plaintiff's instructions as a background for consideration of defendant's. Plaintiff's instruction No. 1 told the jury that in a situation of sudden peril the law does not require of a person the same degree of care as of one who has had ample opportunity for full exercise of his judgment, and that if the jury believed from the evidence that because of the defendant's turning his car suddenly toward the left side of the road resulting in a situation wherein the plaintiff deemed himself to be confronted with immediate danger, and, in the exigency thereof, he drove his car off the hard surface of the highway for the purpose of avoiding a .collision with the defendant and collided with a truck parked on the side of the highway and received serious injuries from such collision, the plaintiff was not guilty of contributory negligence and the jury should assess damages to him. No. 2 presented substantially the same propositions in different phraseology. No. 3 set forth the doctrine of last clear chance. It told the jury in substance that even though they believed from the evidence that the plaintiff was driving his automobile at excessive speed but that the defendant observed or by the exercise of ordinary care could have observed that by reason of the rapidity of plaintiff's approach he (the defendant) could not turn his own automobile to the left and pass off the hard surface of the highway in front of the approaching automobile of the plaintiff, but nevertheless turned his automobile to the left as though to leave the highway in front of plaintiff, thereby causing plaintiff to leave the highway in an attempt to avoid a threatened collision, all of which resulted in injury to the plaintiff, such conduct of the defendant was the proximate cause of the injury, notwithstanding the negligence of the plaintiff in driving at excessive speed, and that the jury should find for the plaintiff.

Defendant's instruction No. 1 covered burden of proof and correctly states the law. No. 2 recited the statutory rates of speed at which a passenger automobile may be driven under different circumstances and told the jury that if they believed from the evidence that the plaintiff, at the time of and immediately preceding the accident, was operating his auto-

mobile at a speed in excess of that prescribed by law and that in so doing the plaintiff was negligently operating his automobile, and that such operation by the plaintiff "caused or contributed proximately to the injury complained of" they should find for the defendant. We shall discuss No. 3 after No. 4. The latter told the jury that the defendant had the right if he acted in a careful and prudent manner to cross over and off the left side of the hard surface of the highway, and in so doing he had the right to assume that drivers of other vehicles on the highway would use ordinary care and diligence to avoid collision and injury, and that he had the further right to assume that the plaintiff approaching in his automobile would use due and reasonable care for his own safety, and that the defendant was not chargeable with negligence upon the sole ground that he did expect and assume that the plaintiff would exercise reasonable care and precaution in the circumstances. This is a correct statement.

Now as to the defendant's No. 3, this being the one at which the plaintiff's criticisms are principally directed. It told the jury that,

> " * * * in this case it was the duty of the plaintiff to use due and reasonable care to look out for other cars or objects on or near the road in front of him and for cars and other objects obstructing the free and full travel on said public road, and to use due and reasonable care to have under reasonable control and to stop his car and avoid colliding with other cars or objects on or near the road in front of him; and if you believe from the evidence that the plaintiff saw the car of the defendant in time to have stopped his, the plaintiff's car, and avoid the injury complained of; or if you believe from the evidence that by the use of due care and diligence the said plaintiff could have seen the car of the defendant in time to have stopped his car and avoided the injury complained of; and that he, the plaintiff, failed to stop his said car either because he was not using due diligence to keep a lookout or because he was driving at a rate of speed in excess of the rate prescribed by law and that such conduct on part of the plaintiff contributed proximately to the cause of his own in-

> juries, then in either of such events, the jury shall find a verdict for the defendant.''

There is much merit in the criticism of the phraseology of this instruction. Instead of telling the jury ''if you believe from the evidence that the plaintiff saw the car of the defendant in time to have stopped his, the plaintiff's car, and avoid the injury'' etc., it should have said, in substance, in order to present the thought with precision and accuracy, ''if you believe from the evidence that the plaintiff saw the automobile of the defendant turn toward the defendant's left as though about to leave the road on that side, in time for the plaintiff to stop his car and avoid the injury'' etc. In other words, it was not the mere approach of defendant's automobile that should have put plaintiff on guard, for there was nothing to cause apprehension of danger until defendant started to turn to the left. The same criticism pertains to the succeeding portion of the instruction wherein reference is made to what the plaintiff should have seen in the exercise of due care and diligence. It is a fact so well known to people generally that a person traveling on a highway is not expected to anticipate danger from a vehicle approaching from the opposite direction until some condition arises to create apprehension, that, even though the instruction under consideration dealt loosely with the matter, the jury must be deemed to have interpreted the instruction in the light of common experience and to have considered it to mean only that the plaintiff was guilty of contributory negligence if he failed to act promptly for his own safety when he saw or could have seen that there was danger of a collision between the two automobiles.

We do not perceive that there is inconsistency between instructions given on motion of the plaintiff and those given for the defendant. These instructions do no more, in our judgment, than to present to the jury the respective contentions of the parties. ''Where conflicting theories of a case are presented by the evidence, each party is entitled to have his view of the case presented to the jury by proper instructions.'' *Whitmore* v. *Rodes*, 103 W. Va. 301. As ex-

pressed in another case: ''Where there is competent evidence tending to support a pertinent theory in the case, it is the duty of the trial court to give an instruction presenting such theory when requested so to do.'' *State* v. *Alie*, 82 W. Va. 601.

Perceiving no prejudicial error in the record, we affirm the judgment of the trial court.

*Affirmed.*