425 S.E.2d 136

**Howard COLLINS and Margaret Collins, His Wife, et al., Plaintiffs Below, Appellees,**

v.

**COLUMBIA GAS TRANSMISSION CORPORATION, et al., Defendants Below, Appellants.**

No. 20919.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 15, 1992.

Decided Dec. 11, 1992.

H.L. Snyder, William Roy Rice, Benjamin N. Snyder, E. Forrest Jones, Jr., Albertson & Jones, Charleston, for appellants.

James W. St. Clair, St. Clair & Levine, Huntington, for appellees.

PER CURIAM:

This is an appeal by Columbia Gas Transmission Corporation, Columbia Coal Gasification Corporation, Columbia Natural Resources, Inc., and Laurel Creek Co., Inc. (the appellants), from a judgment order of the Circuit Court of Lincoln County upholding a jury verdict in favor of the appellees, heirs of the late Louisa Collins. The jury verdict and judgment order awarded title to the minerals underlying three tracts of land (consisting of five, eighty, and 457 acres, respectively) in Lincoln and Wayne Counties to the appellees. The appellees contend that their predecessors in title granted severance deeds to the appellants' predecessors in title whereby the appellants' predecessors were granted only title to the surface of the properties in question. The trial court refused to instruct the jury that the appellees' predecessors in title may be presumed to have accepted the severance deeds in the absence of direct proof to the contrary, because the severance deeds were beneficial to them. The appellants contend that the trial court's failure to so instruct the jury was reversible error, and that on the evidence presented, they are entitled to a new trial. For the reasons that follow, we agree.

The controversy in this case surrounds a series of severance deeds issued by the appellants' predecessors in title (A.A. Low, et al.) to the appellees' predecessors in title (the Collinses) in the late 1800's. Prior to the granting of the severance deeds, A.A.

Low, et al. brought an ejectment action against the Collinses in the United States Circuit Court for the Southern District of West Virginia. A.A. Low, et al., claimed the tracts of land in dispute in this case under land patents granted to their predecessor in title in 1796 and 1797. The record in this case shows that the Collinses were granted land patents to the same property by the Commonwealth of Virginia sometime after 1797. The ejectment action was brought by A.A. Low, et al., to remove the Collinses, who were in possession of the land at that time, from the property. The appellees admit that an ejectment action was filed against the Collinses, and that the action was successful.[1] It is undisputed that the ejectment actions vested title to both the land and minerals in the appellants' predecessors in title.

Several months prior to the final order in the ejectment action, A.A. Low, et al., granted a severance deed to "Louisa Collins" for the 80–acre parcel of land. The actual severance deed is lost, but was recorded in both Lincoln and Wayne counties. The deed granted the surface of the tract to "Louisa Collins," but reserved the mineral rights to the land to A.A. Low, et al. The integrity of this severance deed is called into question by the appellees because it was (1) granted prior to the final

disposition of the ejectment action, and (2) granted in the name of "Louisa Collins" several months prior to Louisa's marriage to George Collins, and therefore prior to Louisa's taking of the Collins surname. Apparently, this severance deed was recorded by Louisa's husband, George, in 1903.[2] The severance deed to Louisa Collins was cited in a later lease agreement signed by Louisa, specifically acknowledging the reservation of minerals to A.A. Low, et al.[3] Louisa Collins also signed a deed granting a 160–acre tract of land and a 6–acre tract of land wherein the deed by "A.A. Low and others" was cited as source of title.

A.A. Low, et al. also succeeded in an ejectment action against George F. Collins in May of 1880 concerning the 457–acre tract of land. Over two years later, in September of 1882, A.A. Low, et al., executed a severance deed in favor of George F. Collins whereby Mr. Collins was given title to the surface of 305 acres of the property while A.A. Low, et al., reserved "all the minerals, mineral substances and oils" to themselves. George F. Collins was a predecessor in title to the appellees.

The 5–acre tract of land was conveyed to Isabelle Collins in 1882 (subject to a life estate in Isabelle's mother) by way of sev-

1. At trial in this matter, the jury was read the appellees' admission, as follows:

In an action in ejectment in the United States Circuit Court, Southern District of West Virginia at Charleston, styled William H. Aspinwall, et al, against Perry G. Adkins, et al, commenced at August rules, 1874[:] A[) ] Alexander Collins was served as a defendant on June 6, 1874, with a jury verdict rendered against him and judgment entered by order on November 17, 1880; B) George F. Collins was served as a defendant on June 6, 1874, with a jury verdict rendered against him and judgment entered by order on May 17, 1880; and C) Isaac Collins was served as a defendant on June 6, 1874, with a jury verdict rendered against him and judgment entered by order on November 17, 1880.

Alexander, George and Isaac Collins held title to the property in dispute in this case under the junior patents issued by the Commonwealth of Virginia. The land from which they were ejected is the subject of the dispute in the instant case.

2. A notation in the margin of the Wayne County deed book shows that after the deed was record-

ed, it was "Delivered to G.F. Collins, Feb. 14, 1903."

3. Strangely, the lease purports to grant the coal *underlying* the 80–acre tract of land for a period of six months. The land is described as follows in the handwritten record:

Being part of a tract of land known as the Thomas Wylie tract of land, containing eighty acres, more or less, conveyed to Louisa Collins by Abiel A. Low et al. by deed dated the first date of September, 1879, and of record in the County Court of Wayne County, West Virginia, however reserving and excepting unto the parties of the first part, their heirs and assigns forever all the timber and mining privileges heretofore reserved in the aforementioned deed, that is to say no actual openings shall be made from the surface of said land, but said coal shall be mined from entrances made on the adjoining property.

This recorded deed, noting and citing the A.A. Low severance deed to Louisa Collins, was noted to have been signed by Louisa.

erance deed from A.A. Low, et al.[4] Again, A.A. Low, et al., reserved for themselves the minerals underlying the property while granting title in the surface to the appellees' predecessor in title. In a 1904 sale of timber interest in the property, Isabelle cited the A.A. Low severance deed as her source of title. Isabelle Collins was a predecessor in title to the appellees.

In all three severance deeds, the following language is found: "[T]he party of the second part hereby accepts this deed and the estate hereby conveyed upon the terms and conditions and subject to the exceptions and reservations herein contained and set forth." Although all three severance deeds were signed by A.A. Low, et al., none were signed by the Collinses.

At trial in this case, the appellants offered the following instruction as Instruction No. 6:

> Columbia has offered evidence of three severance deeds from A.A. Low and others, which purport to grant to certain predecessors of the Collins Heirs, part or all of the surface of the Disputed Tracts herein. The Court instructs the jury that where a deed is in proper form, and the grantor has signed and acknowledged it for record and it is beneficial to a grantee, acceptance by the grantee will be presumed unless the dissent of the grantee is shown. Therefore, if you find that one or more of the three severance deeds executed by A.A. Low and others mentioned above was in proper form, signed and acknowledged by the grantors, then you must find that such severance deed was legally accepted unless you also find that the Collins Heirs have offered certain or reasonably conclusive proof that the grantee of such a severance deed actually dissented to accepting such deed.[5]

The trial court refused to give this instruction.

On April 8, 1991, a Lincoln County jury found for the appellees. This verdict awarding title to both the surface and minerals of the disputed properties was entered by judgment order of the Circuit Court of Lincoln County on May 22, 1991. The appellants' motions for judgment notwithstanding the verdict and, alternatively, for a new trial, were denied in August of 1991. This appeal followed.

Upon appeal to this Court, the appellants argue that under no valid interpretation of the evidence can appellees prove title to both the surface and the minerals of the disputed properties in this case. The appellants assert that under the evidence presented in this case, the Collinses must be presumed to have accepted the severance deeds executed in their favor by A.A. Low, et al. They contend that the burden of proving whether or not the Collinses accepted the severance deeds lies with the appellees, and that the appellees did not meet that burden.

> The presumption of a constructive delivery of a deed is not conclusive but may be rebutted by evidence showing either non-delivery by the grantor or non-acceptance by the grantee. To escape the operative effect of the conveyance manually or constructively delivered or actually or constructively accepted the burden rests upon the grantor or those who claim under him or whose rights are jeopardized by the conveyance to prove the fact to be as he or they allege. In order to entitle such person to the relief he seeks, the proof must be certain or reasonably conclusive. *Chambers v. Chambers*, 227 Mo. 262, 127 S.W. 86 [(1910)].

Unlike the situation in the instant case, in *Downs* it was the *grantor* of a deed who sought to show that the grantee had not accepted the deed.

---

4. Isabelle Collins was the daughter of Alexander Collins, niece of George Collins, and granddaughter of Isaac Collins, all three of whom were subject to the A.A. Low, et al. ejectment actions.

5. The appellants' Instruction No. 6 is based upon syllabus point 3 of *Guggenheimer v. Lockridge, infra,* wherein it was stated, in part, that: "The assent of the grantee will be presumed, where the deed is beneficial to him, until dissent appear." The instruction assumes that the deed is beneficial to the appellees and then states that, in order to rebut the presumption of acceptance, the appellees must offer "certain or reasonably conclusive proof." This rebuttal language is derived from *Downs v. Downs,* 89 W.Va. 155, 108 S.E. 875 (1921):

On the other hand, the appellees contend that the burden of proving acceptance of the severance deeds lies with the appellants. Although they acknowledge the legal presumption that beneficial conveyances are accepted in the absence of contrary evidence, they assert that these severance deeds were not beneficial for the Collinses. Furthermore, they argue that no evidence was presented that the Collinses signed the severance deeds, and that the lack of signatures constitutes proof of nonacceptance of the severance deeds.

■ The primary issue to be decided in this case is whether the presumption of acceptance of the severance deeds applies in this case.[6] In the syllabus of *Campbell v. Fox*, 68 W.Va. 484, 69 S.E. 1007 (1910), we stated: "A deed must be both delivered and accepted to operate as a deed." In syllabus point 3 of *Bennett v. Neff*, 130 W.Va. 121, 42 S.E.2d 793 (1947), we stated: "Delivery of a deed by the grantor with intent that it take effect as his deed and its acceptance, express or implied, by the grantee are essential to its validity." And in syllabus point 3 of *Guggenheimer v. Lockridge*, 39 W.Va. 457, 19 S.E. 874 (1894), we stated:

A deed must not only be delivered by the grantor but must be accepted by the grantee. Acceptance may be express by signing the deed or otherwise or may be implied from circumstances. The assent

of the grantee will be presumed, where the deed is beneficial to him, until dissent appear. Where dissent or disclaimer appears, the deed is inoperative, and the title to the thing granted reverts to the grantor by remitter from such disclaimer.[7]

■ The appellees acknowledge the principles enunciated in the syllabi above. They assert, however, that the severance deeds were not beneficial to the grantees, because they were "a cloud on the Collins' title." We find no merit in such an argument. The severance deeds granted the surface title to the Collinses when they had title to nothing. Their prior title had or would soon be extinguished as a consequence of the ejectment actions by A.A. Low, et al. Clearly, the severance deeds were beneficial.[8]

■ The appellees argue that, even if the severance deeds are presumed to be accepted, the presumption is rebutted by the fact that the Collinses did not sign the severance deeds. For authority, the appellees rely upon *Midkiff v. Colton*, 242 F. 373 (4th Cir.1917). In that case the Fourth Circuit Court of Appeals was faced with an A.A. Low, et al. severance deed containing language of acceptance identical to that found in the severance deeds at issue in this case. Referring to the acceptance language, that court stated: "The last paragraph undoubtedly contemplated that the

---

6. The appellants also assert that they are entitled to a directed verdict on the 80–acre tract because of the continuous operation of a well by one of the appellants for over thirty years. The record shows, however, that the jury was presented with evidence from the appellees that the well was *not* on the 80–acre tract. Certainly, the jury was entitled to embrace the appellees' evidence, and the appellants are not entitled to a directed verdict on that ground.

7. That a "presumption of acceptance" arises when a deed is beneficial to a grantee is well-established. The United States Supreme Court, in *Tompkins v. Wheeler*, 16 Pet. 106, 118–19, 41 U.S. 106, 118–19, 10 L.Ed. 903, 908 (1842) has stated: "This deed is absolute upon its face, without any condition whatever attached to it; and being for the benefit of the grantees, the presumption of law is, in the absence of all

evidence to the contrary, that the grantees accepted the deed." *See also Bowden v. Parrish*, 9 S.E. 616 (Va.1889); *Colee v. Colee*, 122 Ind. 109, 23 N.E. 687 (1890); *Corbett v. Corbett*, 249 N.C. 585, 107 S.E.2d 165 (1959); but the presumption will *not* arise where the deed conveys a burden to the grantee: *County of Worth v. Jorgenson*, 253 N.W.2d 575 (Iowa 1977).

8. The appellees seek to support their argument by alleging that the severance deeds were granted because, "it would have taken the Army to enforce [A.A. Low, et al.'s] ejectment judgments and to throw hundreds of people in southern West Virginia off their land." There is absolutely nothing in the record to support this assertion. Even if this argument were supported in the record, the assertion in no way defeats the beneficial nature of the severance deeds.

acceptance by the grantees should be evidenced by their signatures to the paper itself." *Id.* at 373. However, the Fourth Circuit granted a rehearing in *Midkiff v. Colton*, 252 F. 420 (4th Cir.1918), *cert. denied*, 248 U.S. 563, 39 S.Ct. 8, 63 L.Ed. 423 (1918), wherein the Court reversed its prior decision and made no mention of the lack of signature and found that the grantee of the severance deed had *not* rebutted the presumption of acceptance in that case.[9]

The appellees also assert that the presumption of acceptance is rebutted in the instance of the 80–acre tract because the grantee of that severance deed, Louisa Collins, was not married to a "Collins" at the time the deed was executed. Furthermore, the severance deed was granted at least several months *prior* to final judgments in any of the ejectment actions. The record does not explain this situation with any clarity. The appellants suggest fraud on the part of A.A. Low, et al. in the creation of the severance deed to Louisa, while the appellants suggest that Louisa and her husband, George, committed fraud.

■ Louisa Collins specifically cited the severance deed from A.A. Low, et al. as her source of title in several later conveyances. The appellees argue that, "the fact that an attorney, who prepares a deed, cites a prior recorded deed as a source of title, does not validate the acceptance of a deed. Back references in deeds are not part of the conveyance." The appellees cite no case law in support of this position, and we find that the case law in this regard actually supports a contrary conclusion. Syllabus point 2 of *Lynch v. Brookover*, 72 W.Va. 211, 77 S.E. 983 (1913), in part, is as follows:

Documentary evidence establishing the acceptance of an ancient deed by a deceased grantee, such as ... his conveyance of the land referring to the deed as source of title, will prevail over proof of indefinite parol declarations by the grantee that he did not accept the deed.

■ In this case the documentary evidence tends to establish acceptance of the "ancient" deed by a deceased grantee in the form of her conveyances referring to the deed as source of title. Similarly, this applies to the 5–acre tract of land as well, also cited by the grantee as her source of title in a later conveyance. Because syllabus point 4 of *Lynch* states that such documentary evidence "will prevail over proof of indefinite parol declarations by the grantee," and no such evidence is in the record of this case, it seems obvious that such documentary evidence should provide even stronger evidence of acceptance where there is no parol evidence of nonacceptance by the grantee.

■ We believe that the trial court committed reversible error when it failed to instruct the jury as to the "presumption of acceptance" which must be made when a conveyance is beneficial to a grantee. In syllabus point 5 of *Catlett v. MacQueen*, 180 W.Va. 6, 375 S.E.2d 184 (1988), we stated:

'Where conflicting theories of a case are presented by the evidence, each party is entitled to have his view of the case presented to the jury by proper instructions. *Whitmore v. Rodes*, 103 W.Va. 301 [137 S.E. 747 (1927)]' Syllabus Point 2, *Morris v. Parris*, 110 W.Va. 102, 157 S.E. 40 (1931).

9. The appellants cite *United States v. 298.25 Acres*, 587 F.Supp. 1510 (S.D.W.Va.1984), *affirmed*, 865 F.2d 255 (4th Cir.1988), *cert. denied*, 490 U.S. 1068, 109 S.Ct. 2070, 104 L.Ed.2d 635 (1989) to support their argument that the acceptance language did not require the grantee of the severance deed to sign the deed to show acceptance. In that case, an A.A. Low, et al. severance deed was made in a form similar to those in this case. That court found that "Execution by the grantees was not required to make the deed valid." The issue in that case concerned whether a signature was necessary on a "compromise deed," a severance deed granted in compromise of an ejectment action instituted by A.A. Low, et al. In this case, the appellants have not argued that the severance deeds were "compromise deeds," and it seems unlikely that they were, considering two of the three severance deeds were granted *after* final judgments in the ejectment actions.

And, in syllabus point 3 of *Blackburn v. Smith*, 164 W.Va. 354, 264 S.E.2d 158 (1980), we stated:

'Where [in a trial by jury] ·there is competent evidence tending to support a pertinent theory in the case, it is the duty of the trial court to give an instruction presenting such theory when requested to do so.' Syl. pt. 3, *State v. Foley*, 128 W.Va. 166, 35 S.E.2d 854 (1945).[10]

Appellants' Instruction No. 6 would have properly instructed the jury as to the "presumption of acceptance" in this case. The failure of the trial court to give the instruction was not harmless and prejudiced the appellants.

 The appellants also contend that the trial court committed reversible error when it overruled their motion for a directed verdict. In syllabus point 7 of *Cardinal State Bank, Nat. Ass'n v. Crook*, 184 W.Va. 152, 399 S.E.2d 863 (1990) we stated:

' "Upon a motion to direct a verdict for the defendant, every reasonable and legitimate inference fairly arising from the testimony, when considered in its entirety, must be indulged in favorably to plaintiff; and the court must assume as true those facts which the jury may properly find under the evidence." Syllabus, *Nichols v. Raleigh–Wyoming Coal Co.*, 112 W.Va. 85, 163 S.E. 767.' Syl. pt. 1, *Jenkins v. Chatterton*, 143 W.Va. 250, 100 S.E.2d 808 (1957).

And in syllabus point 4 of *Waugh v. Traxler*, 186 W.Va. 355, 412 S.E.2d 756 (1991), we stated:

' "In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved." Syllabus Point 5, *Orr v. Crowder*, 173 W.Va. 335, 315 S.E.2d 593 (1983), *cert. denied*, 469 U.S. 981, 105 S.Ct. 384, 83 L.Ed.2d 319 (1984).' Syl. Pt. 2, *Jarvis v. Modern Woodmen of America*, 185 W.Va. 305, 406 S.E.2d 736 (1991).

 In this case the record reveals evidence to support the appellees' case. The appellees have shown that the Collinses did not sign their severance deeds, while other grantees of similar deeds did sign or acknowledge their deeds. Although a lack of signature or acknowledgement is not conclusive, such evidence under these circumstances certainly may be used to attempt to rebut presumption of acceptance. Furthermore, the severance deed in favor of Louisa Collins raises several unanswered questions because of its timing. The fact that

---

**10.** We have also stated in *Roberts v. Stevens Clinic Hospital, Inc.*, 176 W.Va. 492, 497, 345 S.E.2d 791, 797 (1986) that we:

will presume that a trial court acted correctly in giving or refusing instructions, unless the instructions given were prejudicial or the instructions refused were correct and should have been given. Syl. Pt. 1, *State v. Turner*, 137 W.Va. 122, 70 S.E.2d 249 (1952). In making this determination, the Court will review the instructions as a whole. *McAllister v. Weirton v. Hosp. Co.*, 173 W.Va. 75, 312 S.E.2d 738 (1983), *quoting*, Syl. Pt. 3, *Lambert v. Great Atlantic & Pacific Tea Company*, 155 W.Va. 397, 184 S.E.2d 118 (1971).

And in *Wolfe v. Kalmus*, 186 W.Va. 622, 626, 413 S.E.2d 679, 683 (1991), we noted that:

When, ... instructions read as a whole do not adequately advise the jury of all necessary elements for their consideration, the jury verdict is not supported, and the matter must be remanded for a proper trial. As we recognized in *Adkins v. Whitten*, 171 W.Va. 106, 109, 297 S.E.2d 881, 884 (1982),

'... it is incumbent on the court by way of instruction or charge to inform the jury as to the law that is applicable to the facts of the case.... We have consistently held that a trial court has a duty to give a proper instruction relating to an appropriate legal theory that is supported by the facts of the case. *E.g., Abdulla v. Pittsburgh and Weirton Bus Co.*, [158] W.Va. [592], 213 S.E.2d 810 (1975); *Brown v. Crozer Coal & Land Co.*, 144 W.Va. 296, 107 S.E.2d 777 (1959); *DeLuz v. Board*, 135 W.Va. 806, 65 S.E.2d 201 (1951); *Morris v. Parris*, 110 W.Va. 102, 157 S.E. 40 (1931).' Considering the instructions as a whole, the trial court's refusal to give appellant's Instruction No. 6 was prejudicial.

the severance deed was made out to "Louisa Collins" before she married George F. Collins, and prior to the final disposition of the ejectment action against George F. Collins, may be given the inference that the deed was inaccurate and therefore not accepted. Other evidence, including the fact that the Collinses and their successors paid taxes on the fee and, at various stages, leased the coal and gas beneath the property in contravention of the appellants' predecessors' rights, was presented at trial and may be used to attempt to rebut the presumption of acceptance.

The appellees also presented evidence at trial that the appellants' predecessor in title filed second ejectment actions against the Collinses in 1911. These ejectment actions were dismissed. The appellees sought to show that these later ejectment actions show that the appellants' predecessors in title understood that the appellees had *not accepted* the severance deeds. Giving the prevailing party the benefit of all favorable inferences, reasonably drawn from the facts, it is clear that the appellants are not entitled to a directed verdict in this case.

Nonetheless, as noted above, the failure of the trial court to give the appellants' "presumption of innocence" instruction was reversible error. Accordingly, the jury verdict and judgment order of the Circuit Court of Lincoln County are reversed, and this case is remanded for a new trial.

Reversed and remanded.