### UNITED STATES of America

### v.

### 298.25 ACRES OF LAND, MORE OR LESS, SITUATE IN WAYNE CO., W.VA., and Milton Ross, et al. and Unknown Owners.

**Civ. A. No. 75–0061.**

United States District Court,
S.D. West Virginia,
Huntington Division.

June 21, 1984.

---

David A. Faber, U.S. Atty., Huntington, W.Va., for plaintiff.

James Colburn, Huntington, W.Va., Lincoln R. Thorman, Cleveland, Ohio for defendants Milton Ross et al.

H. H. Roberts, H. L. Snyder, Mark Clark, Charleston, W.Va., for defendant Columbia Gas Transmission Corp.

## ORDER

DENNIS R. KNAPP, District Judge.

After a de novo review of the record as a whole, including the United States Magistrate's Report and the objections filed thereto, it is accordingly ORDERED (1) that the objections to the Report of the Magistrate are without merit; and (2) that the Report of the Magistrate be approved and adopted in toto as the Court's own.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

United States of America,
Plaintiff,

v.

298.25 Acres of Land, More or Less, Situate in Wayne County, State of West Virginia, and Milton Ross, et al., and Unknown Owners,

Defendants.

Civil Action No. 75–0061H.

United States of America,

Plaintiff,

v.

16,286.08 Acres of Land, More or Less, Situate in Wayne County, State of West Virginia; and Columbia Gas Transmission Corporation, et al.; and Unknown Owners, Defendants.

Civil Action No. 77–3324H.

## REPORT

JERRY D. HOGG, United States Magistrate.

By order entered on February 25, 1983 by Dennis R. Knapp, District Judge, this matter was referred to the undersigned Magistrate for the purpose of determining the validity or invalidity of that certain deed from A.A. Low, et al., to Samuel W. Ross, et al., dated September 10, 1879 (hereinafter referred to as "Low Severance Deed").

The arguments of Columbia Gas Transmission Corporation, (hereinafter referred to as "Columbia Transmission") may be summarized as follows:

1. By mesne conveyances Columbia Transmission is the owner of a large tract of land containing approximately 300,000 acres, more or less, situate in the Counties of Lincoln, Putnam, Cabell, Wayne and Mingo, included as a part thereof a tract of land containing initially 31,000 acres which was granted by the Commonwealth of Virginia to one Samuel Smith, Columbia Transmission's remote predecessor in title, by letter patent bearing date of June 29, 1797.

2. That during the year 1879 and succeeding years, Columbia Transmission's predecessors in title to the said Samuel Smith title conveyed various portions of the surface of the said 31,000 acres, including an 800 acre surface tract conveyed by A.A. Low, et al. (Columbia Transmission's predecessor) to Samuel W. Ross and others, by the aforesaid Deed dated September 10, 1879, as recorded in the aforesaid Clerk's office in Deed Book "S", at page 552 as the Low Severance Deed.

3. That the 800 acre surface tract conveyed by the aforementioned Low Severance Deed includes tracts nos. 550M and 552M.

4. That the Low Severance Deed reserved and excepted from the operation of said deed to the said A.A. Low, et al., substances and oils of every sort and description in and upon said real estate herein described and in every part thereof ..."

Columbia Transmissions claims that the Low Severance Deed is valid on the basis that:

(a) It was properly executed and acknowledged by the grantors' attorney-in-fact on September 29, 1879;

(b) It was properly recorded in the Office of the Clerk of the County Court on October 24, 1882;

(c) Subsequent outsales by the grantees in the Low Severance Deed that included portions of the aforementioned 800 acre tract frequently mentioned the Low Severance Deed as the source of title and frequently reserved the mineral and mineral rights and privileges as the same had been reserved for the benefit of A.A. Low, et al.;

(d) The validity of said deed remained unchallenged for almost 100 years and any effort to impeach its execution or the certificate of acknowledgement at this date would be contrary to reason and the parties raising this issue at this late date as estopped from contesting the validity of this deed;

(e) Columbia Transmission argues that five (5) ejectment actions which were instituted in 1874 extinguished any color of title as to the Ross Heirs under the Seasole grant or otherwise. Subsequent to the decision in the ejectment actions, James I Kuhn, under a power of attorney from Low and Aspinwall, executed the Low Severance Deed now before this Court. Dozens of similar deeds were also executed to other defendants who had been ousted from the Smith grant. These severance deeds granted the surface to the ousted defendants, reserving all minerals and mineral interests in and to the grantors, Low and Aspinwall, Columbia Transmission's predecessor in title. The Fourth Circuit Court of Appeals in *United Fuel Gas Co. v. Dyer*, 185 F.2d 99 (4th Cir.1950) considered a Low and Aspinwall deed essentially identical with the Low Severance Deed, and upheld it as a valid severance of the surface with the minerals reserved to Low and Aspinwall;

(f) The five (5) ejectment actions settled the issue of superior title and right of possession as between Columbia Transmission's and the Ross Heirs' predecessors in title and is res judicata as to those issues;

(g) Issues concerning tax forfeitures and tax deliquencies and forfeitures and sales to the State occurring before the ejectment suits could have been raised in the ejectment trials and are now barred from being raised by the doctrine of res judicata;

(h) Claims relating to forfeitures and sales to the State are also barred by

W.Va.Code § 11A–4–39 which releases all claims by the State regarding unpaid property taxes for tax years preceeding 1936;

(i) The Ross Heirs are estopped from raising the issue of the invalidity of a foreclosure sale in Wyoming County if claiming under the Low Severance Deed, or the issue is barred by res judicata if they do not claim under the Low Severance Deed;

(j) The burden of proving that the 800 acres within the "exclusions" mentioned in the Samuel Smith senior grant of 31,000 acres is the burden of the Ross Heirs by virtue of W.Va.Code § 55–4–14a;

(k) W.Va. Constitution, art. XIII, § 3, vests Columbia Transmission with whatever right the Ross Heirs may have forfeited for non-entry during and after the 1950's because of the actual continuous possession of Columbia Transmission for more than ten (10) years under "color or claim of title" and by the fact that Columbia Transmission has paid taxes on the minerals since 1946; and

(l) The Ross Heirs challenge to the validity of the Low Severance Deed is barred by the Statute of Limitations and by the equitable doctrine of laches. The position of the defendants (hereinafter referred to as the "Ross Heirs") may be summarized as follows:

1. The 800 acre tract described in the Low Severance Deed lies within the Seasole grant of 4,590 acres dated 1846 and the Seasole grant lies within the Smith grant of 31,000 acres through which Columbia Transmission claims.

2. The Smith grant is senior to the Seasole grant, but the owners of the Smith Tract failed to pay taxes and pursuant to the statutes of the State of Virginia the title to the property conveyed by the Seasole grant was transferred to the Commonwealth of Virginia and was subsequently regranted to John Seasole, the predecessor in title to the Ross Heirs.

3. As a result of the regranting procedure a conflict of interest arose between the senior grant and the junior grant creating two (2) chains of title.

4. Since the original owner failed to redeem the title within the statutory period of time, and the title to the property was properly held by the State of Virginia, the Low Severance Deed which depends upon the validity of the Smith grant for its validity, is invalid.

In addition to the claim set out above, the Ross Heirs question the validity of the Low Severance Deed by attacking the deed itself, and make other specific allegations relating to forfeiture for non-entry on the Land Books and sale to the State for non-payment of taxes.

The arguments of the Ross Heirs attacking the validity of the instrument itself and other arguments are summarized as follows:

1. The Low Severance Deed was not a severance deed but was intended to be a compromise deed, a deed which attempts to settle or compromise conflicting claims to the same property. These deeds are generally executed by both the grantor and the grantee.

2. The Low Severance Deed fails as a compromise deed because the deed lacks the Ross signatures, lacks language describing the issue of compromise and lacks description of the items to be compromised.

3. James I. Kuhn, the agent of the owners who executed the deed, exceeded his authority since he was not given blanket power to sever the minerals from the real estate. He only had power to compromise and settle a claim. If after compromise and settlement was reached, he had instructions and power to reserve the minerals for his principals.

4. The Land Books of Wayne County reveal that the title to the land which contains the property encompassing the 800 acre tract covered by the Low Severance Deed was forfeited by the owner, Guyandotte Land Company for non-entry on the Land Books.

5. Other related arguments are made claiming that the Low Severance Deed is invalid because various predecessors in title failed to pay taxes, or failed to make an

entry on the Land Books pursuant to West Virginia constitution, Article 13, Section 6.

6. The legal title to the land covered by the Low Severance Deed which was forfeited to the State has never been properly redeemed by Columbia Transmission or any of its predecessors in title.

7. The title to the property was also forfeited for non-payment of taxes through the chain of title under the Seasole grant. The Ross Heirs redeemed said property in 1983 and paid the taxes from 1935 through 1982.

Counsel for the Ross Heirs conclude that:

(a) The Low Severance Deed failed as a compromise deed and was not effective as a severance deed because the agent of the owner, as grantor, did not have the authority to execute a severance deed;

(b) The ejectment suit only ousted the Ross defendants from possession of the land since the legal title of the land was in the State of West Virginia, which was not made a party to the suit;

(c) The fact that the Ross Heirs referred back to the Low Severance Deed as a reference point for a legal description does not ratify the giving of the deed;

(d) The 1983 redemption by the Ross Heirs of the title to the property covered by the Low Severance Deed establishes good legal title in them.

A status conference was held in this Court on September 9, 1983. As a result of that status conference this Court ordered that an evidentiary hearing be held on November 1, 1983 regarding the validity or invalidity of the Low Severance Deed. An evidentiary hearing was held on November 1, 1983 and evidence and argument was offered by counsel for Columbia Transmission and by counsel for the Ross Heirs.

■ After consideration of the arguments presented by counsel and review of the transcript of the evidentiary hearing it is the conclusion of this Court that the Low Severance Deed is a valid deed. In conjunction with this conclusion this Court makes the following findings of fact and conclusions of law:

1. The Low Severance Deed satisfies all of the formal requirements for a valid conveyance.

(a) the parties were competent;

(b) the consideration was sufficient;

(c) the deed is dated, in writing, contains words of conveyance, and the parties are sufficiently identified as grantor and grantee;

(d) the 800 acres of surface is described with reasonable certainty;

(e) the execution and acknowledgment of the deed are proper;

(f) execution by the grantees was not required to make the deed valid;

(g) delivery of the deed was established by the evidence;

(h) acceptance of the deed by the grantees was established by the evidence; and

(i) the agent of the owners, J.I. Kuhn, did not exceed his authority pursuant to his power of attorney in executing the deed.

2. The ejectment actions which began in 1874 extinguished the claims of the six (6) Ross brothers under the Seasole grant.

(a) the ejectment actions were not default judgments as argued by the Ross Heirs;

(b) the issue of superior title and right of possession as between Columbia Transmission's and the Ross Heirs' predecessors in title was decided by the said ejectment suits and the doctrine of res judicata applies;

(c) issues concerning tax forfeitures and tax delinquencies and forfeitures and sales to the State occurring before the ejectment suits could have been raised in the ejectment trials, but are barred by the doctrine of res judicata from being raised now;

(d) even if the claims relating to forfeiture and sales to the State could be raised now they would fail because W.Va.Code § 11A–4–39 releases all claims by the State as such regarding unpaid property taxes for tax years preceeding 1936;

(e) the Ross Heirs are estopped from raising the issue of the invalidity of a foreclosure sale in Ohio County of Wayne County land if claiming under the Low Severance Deed, or the issue is barred by res judicata if they do not claim under the Low Severance Deed; and

(f) the burden of proving that the 800 acres within the "exclusions" mentioned in the Samuel Smith senior grant of 31,-000 acres was the burden of the Ross Heirs by virtue of W.Va.Code § 55–4–14a.

■ 3. W.Va. Constitution, art. XIII, § 3, vests Columbia Transmission with whatever right the Ross Heirs may have forfeited for non-entry during and after the 1950's because of the actual continuous possession of Columbia Transmission for more than ten (10) years under "color or claim of title", and by the fact that Columbia Transmission has paid taxes on the minerals since 1946.

■ 4. The Ross Heirs challenge to the validity of the Low Severance Deed is barred by the Statute of Limitations and by the equitable doctrine of laches.

(a) W.Va.Code § 55–2–1 requires that the Low Severance Deed must have been challenged within ten (10) years of the recording of the Low Severance Deed on October 24, 1882; and

(b) a delay of over one hundred (100) years is inexcusable and the claim of the Ross Heirs is also barred by the doctrine of laches.

It is accordingly the finding of this Court, acting as Special Master by reference from District Judge Dennis Knapp, that the 1979 deed referred to herein as the Low Severance Deed is a valid deed.

Pursuant to Rule 5 of the Local Rules of Practice and Procedure Before United States Magistrates, and to Rule 53(e) of the Federal Rules of Civil Procedure, this Report of the United States Magistrate, as Special Master, is this date filed with the Clerk of this Court, along with a transcript of the proceedings and of the evidence and the original exhibits.

The parties are hereby advised that any objection to such Report must be in writing and must be filed, within ten (10) days from the date of service of a copy hereof, with the Clerk, United States District Court, P.O. Box 2546, Charleston, West Virginia, 25329, with copies thereof to the other parties, to the Judge and to the Magistrate which shall specifically identify those portions of the Report to which objection is made and the basis for such objection. Application to the Court for action upon the Report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6(d) of the Federal Rules of Civil Procedure. The Court after hearing may adopt the Report or may modify it or may reject it in whole or in part or may require further evidence or may recommit it with instructions.

DATED: January 20, 1984