865 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
298.25 ACRES OF LAND, MORE OR LESS, SITUATE IN WAYNE COUNTY,
WEST VIRGINIA; Milton Ross, et al and unknown
owners, Defendants-Appellants,
Columbia Gas Transmission Corporation, Intervenor-Appellee.
 No. 86-2114.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 5, 1988.
Decided: Dec. 8, 1988.
 
 Lincoln Raphael Thorman, James Allan Colburn (Baer, Robinson & Colburn, on brief), for appellant.
 H.L. Snyder (H.H. Roberts, Wm. Roy Rice, Johnny M. Knisely II, on brief), Robert L. Klarquist (Myles E. Flint, Deputy Assistant Attorney General, David A. Faber, United States Attorney, Gary E. Pullin, Assistant United States Attorney, Charles J. Brennan, Maria A. Iizuka, Department of Justice, on brief), for appellees.
 Before MURNAGHAN, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is a condemnation action by the United States involving two tracts of land in West Virginia. Litigated for over ten years, there is no dispute on appeal as to the amount of the award; the only issue is who should receive it. The two principal contenders for title to the condemned tracts are (1) the Columbia Gas Transmission Corporation and the Columbia Coal Gasification Corporation [collectively "Columbia Gas"], and (2) a number of individuals claiming under the rights of their common ancestors Hugh and Robert Ross [collectively the "Ross Heirs"]. The district court approved a magistrate's report holding that Columbia Gas owned the two tracts. The court then dismissed the action. The Ross Heirs have filed this appeal, contending that the magistrate erred in his determination and that, in any event, a previous disclaimer by Columbia Gas and prior rulings of the district court invalidated Columbia Gas' title claim.
 
 
 2
 * On March 5, 1975, the United States commenced an action in condemnation, No. 75-0061, to acquire the coal and mineral rights in two tracts of land (Tract Nos. 550M and 556M), approximately 298.25 acres, for the East Lynn Reservoir Project in West Virginia. The defendants included the Ross Heirs and Columbia Gas. A judgment order was entered condemning the property.
 
 
 3
 Two years later, the United States brought another action, No. 77-3324, to acquire the mineral interests in approximately 16,286.08 acres (Tract 552M) for the same project. The geographic boundary of Tract 552M encompassed Tract 550M. On February 18, 1982, Columbia Gas filed a disclaimer as to
 
 
 4
 any right to the compensation to be paid by the United States of America for the interests of the heirs of Hugh Ross taken in Tracts 550M and 556M by this action.
 
 
 5
 It is expressly understood that this Disclaimer will in no way or manner prejudice the rights of Columbia Gas Transmission Corporation to its claim of ownership in the mineral estate acquired in Tract No. 552M, Civil Action No. 77-3324.
 
 
 6
 The district court then dismissed Columbia Gas from 75-0061 without prejudice to its claim of ownership in 77-3324.
 
 
 7
 On March 2, 1983, the district court consolidated the two actions to determine the validity of an 1879 deed relevant to both. The court referred the matter to a magistrate (Magistrate Hogg). The magistrate held a hearing and issued a report, upholding the validity of the deed (and thereby the validity of the Columbia Gas chain of title). The district court conducted a de novo review of the record and issued an order finding all objections filed without merit and approving the report. United States v. 298.25 Acres of Land, 587 F.Supp. 1510 (1984).
 
 
 8
 A trial was conducted from March 26-28, 1985, and a jury determined just compensation in 75-0061 to be $63,000. The district court then referred the matter to Magistrate Hogg to determine title to the subject property and distribution of the jury award. Guided by United States v. 298.25 Acres, supra, the magistrate determined that the issue of land ownership was "moot" since the Ross Heirs had lost standing to challenge Columbia Gas' title.
 
 
 9
 On January 28, 1986, the district court, apparently to resolve all questions of title, appointed an attorney, William E. Hamb, to determine ownership of the condemned property in both 75-0061 and 77-3324. Mr. Hamb filed a report concluding that only Columbia Gas had valid title to the subject tracts and was therefore the only party entitled to compensation. A hearing was subsequently conducted before Magistrate Hogg, at which time evidence was presented and Mr. Hamb was cross-examined by both Columbia Gas and the Ross Heirs. On June 2, 1986, Magistrate Hogg filed a report recommending that Mr. Hamb's findings be approved. He found that "Mr. Hamb's report and testimony, other evidence introduced at said hearing, and the argument, oral and by submitted brief, overwhelmingly support the conclusion that Columbia Gas Transmission Corporation and Columbia Coal Gasification Corporation possess legal title to the property which is the subject of these civil actions." Magistrate's Report at 2. The magistrate specifically made no recommendation as to whether Columbia Gas had disclaimed ownership interest in Tracts 550M and 556M.
 
 
 10
 The district court issued an order on June 25, 1986, adopting the Magistrate's Report and dismissing No. 75-0061 with prejudice. This appeal followed.
 
 II
 
 11
 The Ross Heirs would first have us find error in the opinions of the district court, the magistrate and the appointed title expert, all holding that Columbia Gas has title to the condemned property. After reviewing the record and the opinions below, we can find no merit in the Ross Heirs' objections. The substantive arguments raised by the Ross Heirs on appeal were fully considered and rejected at each stage of the proceedings below. The reasoning contained in the Hamb Report is persuasive and effectively disposes of all disputed issues. The magistrate and district court did not err in adopting it.
 
 
 12
 Furthermore, prior rulings of the district court and the February 18, 1987 disclaimer filed by Columbia Gas do not bar Columbia Gas' claim. The prior "rulings" pointed to by the Ross Heirs, where they exist, were never intended by the court to have preclusive effect. As to the disclaimer, Columbia Gas specifically disclaimed its interest in Civil Action No. 75-0061 subject to preserving its rights in Civil Action No. 77-3324. Once the cases were consolidated, the disclaimer was no longer binding and Columbia Gas had every right to participate in the action. In any event, a disclaimer by Columbia Gas does not automatically vest title in the Ross Heirs. They had no interest. The disclaimer did not purport to create any. The alternative of awarding to the United States government its own condemnation compensation, while it retains title, is devoid of logic or appeal.
 
 
 13
 The order of the district court dismissing Civil Action No. 75-0061 is
 
 AFFIRMED.[1]
 
 
 [1]
 The Ross Heirs' motions to substitute their reply brief and for leave to file a separate brief are hereby granted