# CHARLESTON.

LUELLA ICE v. COUNTY COURT OF PUTNAM COUNTY.

Submitted May 9, 1922.     Decided May 23, 1922.

1.  EMINENT DOMAIN—*Declaration Against County Court for Taking of Land, Without Judicial Inquiry Held Sufficient.*

    A declaration filed by a land owner against a county court, in an action of trespass on the case for recovery of compen-

sation for land taken and used by the defendant, without a precedent judicial inquiry as to right of appropriation, in the widening of a public road through his land, and for damages done to the residue thereof, in the execution of the work, which alleges omission of compliance with a provision of a statute relied upon by the defendant, as justification of the alleged acts, requiring notice to the land owner of intention of the county court to locate the road upon his land, by virtue of the statute, before entry thereon for such purpose, charges an illegal and wrongful taking and damaging of the property and is sufficient in law.  (p. 274).

2.  CONSTITUTIONAL LAW—*Action Against County for Taking Plaintiff's Land for Widening Held Not to Raise Constitutionality of Road Statute.*

Upon such a declaration, no inquiry arises as to the constitutionality of such statute.  (p. 276).

3.  SAME—*Constitutionality of Statute Will Not be Reviewed Except at the Instance of one Whose Right is Alleged Invaded by it.*

The constitutionality of a statute will not be inquired into by a court, otherwise than at the instance of some person whose right is alleged to have been invaded by it and upon necessity for disposition of the question, in the determination of the case.  (p. 276).

Certified from circuit court, Putnam County.

Action in trespass by Luella Ice against the County Court of Putnam County, to recover damages for land taken and injuries wrought by widening and grading a public road through plaintiff's farm.  A demurrer was sustained, and on joint application of the parties this ruling was certified to the Supreme Court of Appeals for review.

*Reversed; demurrer overruled.*

*Charles L. Ice and Uriah Barnes,* for plaintiff.
*John T. Simms,* for defendant.
*E. T. England,* Attorney General and *Chas. Ritchie,* Assistant Attorney General, *amici curiae,* for the State.

POFFENBARGER, PRESIDENT:

The question argued on this certificate is the constitutionality of sec. 138 of ch. 112 of the Acts of the Legisla-

ture of 1921, embodying the present road law of the State. An action of trespass on the case was instituted by the plaintiff, a land owner, against the County Court of Putnam County, to recover damages for land taken and injuries wrought, by the widening and grading of a public road through her farm. In the declaration, it is charged that the defendant, in taking and damaging her land, as alleged, proceeded under the second, third and fourth clauses of said section, and that it, for several alleged reasons, is unconstitutional and void, wherefore the defendant's conduct in the premises was wrongful and actionable. To the declaration, a demurrer was sustained upon the theory of validity of the statute and exclusiveness of the remedy provided by it. On the joint application of the parties, this ruling was certified here for review.

The declaration is entirely too narrow and contradictory in its allegations, to raise the question argued. The second, third and fourth clauses of sec. 138 of ch. 112, Acts of 1921, do not prescribe the procedure under the statute, in full. They constitute only a part of the section, in which proceedings in addition to those mentioned in them, are required. The first clause requires a hearing between the county court and the land owner, as to the propriety or advisability of the proposed work or improvement, under all of the circumstances, and an effort to agree upon the compensation and damages, in the event of a decision on the part of the county court, to undertake it. And the entire section prescribes procedure subsequent to, and in extension of, still other preliminary steps required by sec. 137 of the chapter. Inquiries must be made, information collected and recorded, interested parties heard and an effort made to agree upon the compensation and damages. After that, the county court may adopt either of two methods for acquisition of the land for construction or improvement of the road. It may institute condemnation proceedings or pursue the course prescribed in said second, third and fourth clauses of sec. 138. Moreover, it is distinctly and repeatedly alleged, that one of the important steps prescribed by said

fourth clause was omitted, namely, notice to the plaintiff, of purpose and intent on the part of the defendant to take and damage her land.   This requirement    reads as follows: "Provided, however, before entering upon said land as authorized by this section, it shall be the duty of the county court or its representative to serve notice upon the owner or owners of said land, as provided by law, notifying such owner or owners, that the road is to be located upon their land under the authority of this section."

Until recently, the widening of public highways, outside of cities and towns, has not been of frequent    occurrence. Ordinarily, land has been condemned for new roads and new locations.    But sec. 137 of the road law literally covers cases of acquisition of land for increased    width of roads. The procedure in it and the next section contemplates establishment and alteration of county-district roads.    Lack of provision for acquisition of land for increase of width, by a constitutional method, cannot be imputed to the Legislature.    Land for such purposes is sometimes an absolute necessity, wherefore it is presumed to have been provided for in some way.    Intention to have it taken wrongfully cannot be assumed.    It can be validly obtained only by the exercise of the power of eminent domain.    In the two sections here referred to, the steps preliminary to invocation of that power are prescribed for alterations of roads, and one of the modes of its exercise prescribed.    Hence, it is manifest that said sections give the procedure for obtaining land for the widening of roads, as well as other alterations therein.

It is not necessary to enter upon an inquiry as to whether all of the preliminary steps are indispensable and necessary to validity of the appropriation of the land.    It is well settled that omission of the requirement of notice to the land owner, found in the statute, is absolutely fatal.    In this case, there is no judgment of a court of general jurisdiction, expropriating the land of the plaintiff.    If there were, it would be sustained against collateral attack, by a presumption of jurisdiction and compliance with all essential sta-

tutory requirements.    *B. & O. Railroad Co.* v. *P. W. & Ky. Railroad Co.,* 17 W. Va. 812.    The procedure indicated by the declaration was not judicial at all.    The county court took possession of the land under a legislative act, without any judicial inquiry and without compliance with one of the vital conditions precedent to the exercise of the right of appropriation, granted by the act.    That the entry, if so made, was altogether illegal and wrongful is attested by almost innumerable decisions representing nearly all of the American states.    ''A failure, therefore, to give the notice required, is a fatal error, which, if not waived by appearance or otherwise, may not only be taken advantage of at any stage of the proceedings to arrest or set them aside, but also renders the proceedings absolutely void, even when called in question collaterally.''    Lewis, Eminent Domain, sec. 570, citing a great many decisions fully sustaining the text. This doctrine is recognized in *Railroad Co.* v. *Railroad Co.,* 17 W. Va. 812.    There, this court, citing *Boom Co.* v. *Patterson,* 8 Otto (U. S.) 403, said: ''But when the sovereign power attaches conditions to the exercise of the right of eminent domain, the enquiry, whether the conditions have been complied with, is a matter for judicial cognizance.''    Omission of notice, when required, amounts to a taking of property without due process of law.

On this declaration, it is impossible to reach and decide the question argued.    As an indispensable and jurisdictional condition annexed by the Legislature, to the right granted by the statute, was omitted, the entry upon the land, complained of, was a bare and simple trespass, whether the statute is valid or not.    Not having complied with it, the defendant cannot justify the entry under it if it is valid, wherefore it is not involved.    The injury of which the plaintiff complains was not occasioned by the statute.    It was inflicted by conduct not authorized by the statute.    The allegation of unconstitutionality of the act, found in the declaration, is not sufficient to raise the question, because it is not based upon facts  showing  involvement of the

statute. It is mere surplusage. The constitutionality of an act of the Legislature will not be passed upon by a court, except in a case of necessity. The question can be raised only by some person whose right is affected by the act. *Edgell* v. *Conaway*, 24 W. Va. 747; *Rutter* v. *Sullivan*, 25 W. Va. 427; *Shephard* v. *Wheeling*, 30 W. Va. 479; *Lovings* v. *N. & W. R. Co.*, 47 W. Va. 582; *Arkell* v. *Commissioners*, 41 W. Va. 471; *Price* v. *Moundsville*, 43 W. Va. 523.

Sufficiency of the declaration is manifest. The demurrer should have been overruled. This conclusion will be recorded and certified to the court below.

*Reversed; demurrer overruled.*