WILLIAM M. QUACKENBUSH

*v.*

HELEN C. QUACKENBUSH

(No. 13567)

Decided February 24, 1976.

*D. Paul Camilletti* for appellant.

No appearance for appellee.

NEELY, JUSTICE:

This is a divorce action in which William M. Quackenbush, the appellee in this Court and plaintiff below, sued Helen C. Quackenbush, the appellant and defendant below, for divorce on the grounds of two years voluntary separation under *W. Va. Code*, 48-2-4(a)(7) [1969]. The Circuit Court of Hancock County denied the divorce upon the grounds that the two parties had cohabited during the two years of voluntary separation which plaintiff had alleged.

In October 1966, before the institution of this action in West Virginia, the Court of Common Pleas of Allegheny County, Pennsylvania, entered a decree for bed and board in favor of Mrs. Quackenbush. This appeal was granted to determine whether the Circuit Court of Hancock County had given full faith and credit to the Pennsylvania decree. In the West Virginia action the Circuit Court of Hancock County retained continuing jurisdiction (in spite of the court's denial of a divorce) under the provisions of *W. Va. Code*, 48-2-15 [1969] which allows for such jurisdiction when the parties are living separate and apart. The final order of the Circuit Court of Hancock County awarded Mrs. Quackenbush substantially all of the benefits of the Pennsylvania bed and board decree and, consequently, accorded full faith and credit to that decree.

Although the appellant alleges abuse of the trial court's discretion in failing to permit Mrs. Quackenbush to amend her answer to file a counterclaim and by not awarding to Mrs. Quackenbush further money for separate maintenance in addition to that already ordered by the Pennsylvania court, appellant does not argue these issues in a brief nor does she direct the Court's attention to the relevant portions of the record which would sustain those propositions. Accordingly, this Court deems those assignments of error waived.

The primary thrust of appellant's argument is that *W. Va. Code* 48-2-4(a)(7) [1969] is unconstitutional be-

cause it provides for a divorce upon the complaint of a guilty party against a non-culpable, non-consenting party. In the alternative appellant argues that proper judicial interpretation of *W. Va. Code*, 48-2-4(a)(7) [1969] under applicable doctrines of equity precludes applying the statute under the facts of this case because it would work harsh consequences on the innocent wife. As the Circuit Court of Hancock County denied plaintiff's complaint for divorce, there is in this case no justiciable issue in controversy which requires this Court to pass upon the constitutionality of the statute. *Turpin v. Lemon*, 187 U.S. 51, 23 S.Ct. 20, 47 L.Ed. 70 (1902); *Ice v. Putnam County Court*, 91 W. Va. 272, 112 S.E. 495 (1922); *State v. Furr*, 101 W. Va. 178, 132 S.E. 504 (1926); *Kolvek v. Napple*, ———— W. Va. ————, 212 S.E.2d 614 (1975).

Accordingly, as the Circuit Court of Hancock County's findings of fact are supported by the evidence and as the circuit court applied the correct law to the facts, the judgment of the Circuit Court of Hancock County is affirmed.

*Affirmed.*