DONALD D. MCMILLEN, *et al.*

*v.*

NICHOLAS DETTORE

(No. 13865)

Decided March 21, 1978.

*Donell, DeLaMater & Hagg, W. Dean DeLaMater, Arthur J. Recht* for appellants.

*McDermott, McGeary, Bonenberger & McCulloch, Landers P. Bonenberger* for appellee.

NEELY, JUSTICE:

This negligence case arises out of a motor vehicle accident which occurred in April 1972 in Weirton, West Virginia. As a result of the accident, the appellants filed suit in the Circuit Court of Brooke County charging the appellee with negligence and seeking recovery for personal injury, property damage, and loss of consortium. The appellee denied his negligence and filed a counterclaim for property damage against one of the appellants, Donald D. McMillen. The case was tried to a jury which returned a verdict for the appellee in the amount of $380.88. We affirm the judgment of the circuit court entered upon the jury verdict.

It is not disputed that on April 28, 1972 the appellee, Nicholas Dettore, was the owner and driver of a 1968 Oldsmobile and the appellant, Donald D. McMillen, was the owner and driver of a 1972 Suzuki motorcycle, and that on the same date these two motor vehicles collided at the intersection of LeMoyne Avenue and Main Street in Weirton. Likewise, it is not disputed that the collision caused both vehicles to be damaged and Donald D. McMillen to sustain personal injuries. The real dispute in this case concerns the parties' different views of how the accident happened and who was to blame for it. No clear picture emerges from the evidence, and each driver vigorously maintains he was not at fault in the accident. As so frequently happens in cases like this, there was no persuasive third-party, eyewitness testimony to break the deadlock between the drivers' conflicting versions of the accident. The jury was thus left to resolve the matter entirely on inference, witness credibility, or other methods of their own devising.

In the end the jury squarely determined that the owner of the motorcycle, Donald D. McMillen, was at fault and exonerated the appellee from all charges of negligence, either primary or contributory. We are convinced,

after carefully reviewing the record, that the jury's verdict is supported by the evidence. The case was very closely contested, and the appellants' disappointment in the verdict is understandable. If the jury had decided the case in their favor and an appeal on the same record had come before this Court, we could have found support in the evidence for such contrary verdict. In sum, this case is clearly one for jury determination. We may marvel how jurors can decide difficult cases like this one, but we are certainly in no position to substitute our judgment for theirs.

The appellants' strategy in this appeal tacitly acknowledges that the jury's verdict is supported by the evidence and is not subject to direct attack. In their brief they have detailed a number of technical errors which do not raise substantial legal issues for decision by this Court. The technical nature of these errors suggests they are not being argued for their own sake but rather are intended to give this Court some conceivable basis for reversing the decision below, should we feel the jury reached a manifestly unjust result. The appellants have accurately observed that appellate courts will grasp at straws when necessary to correct perceived injustice, but they are wrong to believe this is an appropriate case to temper the wind for the shorn lamb. *See, e.g., Allegheny College v. Nat. Chautauqua County Bk.*, 246 N.Y. 369, 159 N.E. 173 (1927).

The first assignment of error relates to the circuit court's refusal to give appellants' Instruction No. 4. Based on *W.Va. Code*, 17C-8-8(a) (1951), this instruction would have instructed the jury on the law of West Virginia that "No person shall turn a vehicle ... from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. ..." While the circuit court refused this instruction, he did include in his charge the following language, based on *W.Va. Code*, 17C-9-2 (1951):

> In arriving at your decision, it will be necessary that you understand that a violation of a duty

imposed by a Statute should be considered in reaching a verdict and you are instructed that the Statutes of the State of West Virginia provide that the driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard. . . ."

as well as the following language based on general negligence law:

Negligence is the doing of an act which a reasonably prudent person in the same or similar circumstances would not do, or the omission to do an act which a reasonably prudent person in the same or similar circumstances would have done.

It is apparent from the above-excerpted portions of the charge that the circuit court adequately instructed the jury with respect to the specific statutory duties imposed on left-turning motorists at intersections as well as the general duty to exercise due care under the circumstances. In so doing, the circuit court complied with the requirement of charging the "jury on every important theory of claim or defense supported by the evidence of the case. . . ." Syllabus pt. 2, *Parker v. Knowlton Construction Company, Inc.*, W.Va., 210 S.E.2d 918 (1975). Once having instructed the jury on an important theory, the circuit court was not obligated, on appellants' demand, to give another instruction on the same theory; clarity is not served by redundancy, and the law does not require it.

The appellants' second assignment of error concerns the circuit court's inclusion in the charge of the following language relating to vehicle speed:

And, the statutes of the State of West Virginia further provide that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances,

and having regard to the actual and potential hazards then existing.

In every event the speed shall be so controlled as may be necessary to avoid colliding with vehicles on the highway in compliance with legal requirements and the duty of all persons to use due care. The driver of every vehicle shall drive in an appropriately reduced speed when approaching or crossing an intersection; and when no special hazard exists that require [sic] lower speeds at a speed of 25 miles per hour is lawful.

The appellants argue that this instruction is unsupported by evidence. We find, however, that both the appellee's testimony that the road was clear when he began his turn, and other testimony on the vehicles' force of impact could logically support an inference that Donald McMillen was traveling at an unsafe speed under the circumstances. Accordingly, the circuit court did not err in charging the jury on the issue of speed.

The appellants also object to the circuit court's inclusion in the charge of a "lookout" instruction which applied to both drivers. The circuit court had formulated his own "lookout" instruction applicable to Donald McMillen by using the reverse of the instruction submitted by appellants on this matter. At trial the appellants had an opportunity to see the revised instruction, and they duly entered their objection to it. Now the appellants concede that the "lookout" instruction may have been a correct statement of the law of the case, but contend that such an instruction should not have been given in the absence of a written request by the appellee. We find no error, and instead, feel the circuit court should be commended for acting conscientiously to instruct the jury on the law "on its own motion" as authorized by *W.Va. Code,* 56-6-19 [1923].

Finally, the appellants argue that the circuit court should have allowed in evidence declarations against interest made by the appellee's insurance adjuster relating to the company's subrogation claim and statements

made by the appellee included in the adjuster's report. After reviewing the appellants' proffer of these statements, we conclude they were inadmissible under the well-settled rule excluding testimony offered to show an unaccepted offer of compromise. *Shaeffer v. Burton*, 151 W.Va. 761, 155 S.E.2d 884 (1967).

Accordingly, for the foregoing reasons, the judgment of the Circuit Court of Brooke County is affirmed.

*Affirmed.*