KAREN BLACKBURN

*v.*

ORVILLE L. SMITH

(No. 14466)

Decided March 25, 1980.

*Beckett, Burford & James, and Charles E. Heilmann* for appellant.

*Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Norman K. Fenstermaker* for appellee.

PER CURIAM:

Among other points, the appellant in this personal injury action, Karen Blackburn, contends that the trial court erred in failing to give an instruction explaining to the jury the law of imputed negligence as it applied to the factual issues in this case. We agree.

The appellant was injured in an automobile collision which occurred in Huntington on March 29, 1976. Although at the time of the accident she was a passenger in a car driven by her husband, Stephen Blackburn, there is no indication that she was in any way directing or controlling the operation of the vehicle.

The appellant instituted this action for damages resulting from the collision in the Circuit Court of Cabell

County. The case was tried before a jury, and at the close of the appellee's evidence the court concluded that there was no evidence of contributory negligence in the case. As a preliminary to submitting her case to the jury the appellant offered a number of instructions, including her Instruction No. 1. That instruction said:

"The court instructs the jury that if they believe from the evidence that the plaintiff, Karen Blackburn, was riding in a vehicle driven by the owner of the vehicle, Steve Blackburn, over which she neither assumed nor exercised any control, and over which she had no control, and Karen Blackburn was injured without any negligence on her part, Steve Blackburn's negligence, if any, cannot be imputed to her, and therefore, she cannot be found guilty of contributory negligence."

The trial judge, because he had concluded that there was no question of contributory negligence in the case, refused to give this instruction.

After deliberating the jury returned a verdict in favor of the appellee, Orville L. Smith.

In this appeal the appellant contends that her Instruction No. 1 was a proper instruction and that she was prejudiced by the court's failure to give it because the appellee, in his closing statement argued that the accident was due to the negligence of the driver of the car in which she was riding. She further contends that the jury's verdict against her was obviously influenced by this argument and by the lack of an instruction on the law regarding the imputing of the driver's negligence to her.

In Syllabus Point 7 of *Frampton v. Consolidated Bus Lines*, 134 W.Va. 815, 62 S.E.2d 126 (1950), we said:

"In the absence of a joint enterprise, the negligence of the driver of a motor vehicle cannot be imputed to the guest passenger in the vehicle."

In Syllabus Point 8 of the same case, we said:

"The relationship of joint enterprise between the owner of an automobile driving the same and a guest passenger in the vehicle is not established by the mere fact that the driver and passenger were riding together to the same destination for a common purpose, where the passenger had no voice in directing and controlling the operation of the automobile."

In Syllabus Point 3 of *State v. Foley*, 128 W.Va. 166, 35 S.E.2d 854 (1945), we said:

"Where [in a trial by jury] there is competent evidence tending to support a pertinent theory in the case, it is the duty of the trial court to give an instruction presenting such theory when requested to do so."

*See McMillen v. Dettore*, ___ W. Va. ___, 242 S.E.2d 459 (1978).

In the case before us, where there was no evidence indicating that the appellant had a voice in directing and controlling the operation of the automobile, and where there was no showing that she and her husband were engaged in a joint enterprise as defined by law, the trial court committed reversible error under our holding in *Foley, supra*, in failing to give the appellant's instruction on imputed negligence when requested to do so.

After carefully examining the record in this case, we conclude that another of the appellant's assignments, regarding the failure of the court to direct a verdict for her, is without merit.

For the reasons stated, the judgment of the Circuit Court of Cabell County is set aside, and this case is remanded for a new trial.

*Reversed and remanded.*