JAMES W. FURBEE, *et al.*

*v.*

DOROTHY CORWIN, *et al.*

(No. 14485)

Decided July 17, 1981.

*Alfred R. Putnam* for appellants.

*Furbee, Amos, Webb & Critchfield and C. V. Critchfield* for appellees.

PER CURIAM:

In this appeal from the Circuit Court of Marion County, the appellants, Dorothy Corwin and Amy Stewart, challenge a final judgment in favor of the appellees, James W. Furbee and Mary Furbee.

The parties to this action are the owners or lessees of certain residential real estate located in the town of Rivesville in Marion County. The appellees brought an action to "quiet title" to an area of land through which they claimed access to their real estate. They contended that by virtue of an eighteen-foot right of way appurtenant to their

real estate they had access to an unnamed thirty-foot wide street which connected to First Street. They alleged that the appellant Corwin had obstructed their access by causing a fence to be placed at the northern terminus of the eighteen-foot right of way and by renting space to the appellant Stewart for a house trailer, which trailer space "abuts onto" the unnamed thirty-foot street.

The matter was heard before the court without a jury, and after considering stipulations, testimony and exhibits, the trial court concluded that the appellees were entitled to the access they claimed in their complaint. The court established a metes and bounds description of an easement giving the appellees and their successors in title a permanent right of access through the eighteen-foot right of way to and over the unnamed thirty-foot street. The order required the removal of the obstructions placed in the easement by the appellants and enjoined further interference.

After considering the record and the parties briefs, this Court concludes that the evidence contained in the record supports the trial court's findings of fact, and that the trial court correctly applied the law:

> "Where the trial court's findings of fact are supported by the evidence and where the trial court has correctly applied the law, this Court will affirm on appeal the judgment of the trial court." Syllabus, *Quackenbush v. Quackenbush,* 159 W.Va. 351, 222 S.E.2d 20 (1976).

Accordingly, the final judgment of the Circuit Court of Marion County appealed from is affirmed.

*Affirmed.*