465 S.E.2d 620

**Linda COSTELLO, Individually and Linda Costello as next friend of T.J. Costello, a minor, Plaintiff Below, Appellant,**

v.

**Marshall COSTELLO, Harpers Ferry River Riders, Inc., State Farm Mutual Automobile Insurance Company, Russell Cave, Allstate Insurance Company and Louis J. Diguglielmo, Defendants Below, Appellees.**

No. 22694.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 13, 1995.

Decided Nov. 17, 1995.

William R. DeHaven, Martinsburg, for Appellant.

E. Kay Fuller, Martin & Seibert, L.C., for Appellees Allstate Insurance Company and Louis J. Diguglielmo.

PER CURIAM:

This action is before this Court upon the final order of the Circuit Court of Jefferson County, entered on April 25, 1994. The sole issue before this Court concerns the refusal of the circuit court to instruct the jury with regard to the "reasonable expectation of insurance" theory of recovery advanced at trial by the appellant, Linda Costello. The appellee is Louis J. Diguglielmo, an insurance agent of the Allstate Insurance Company. For the reasons stated below, we conclude that the circuit court's refusal to so instruct the jury was reversible error, and this action is remanded to that court for a new trial.

I

On July 1, 1990, in Loudoun County, Virginia, the appellant sustained serious injuries

when the motorcycle upon which she was a passenger collided with a truck operated by Harpers Ferry River Riders, Inc. The driver of the motorcycle was Marshall Costello, the appellant's brother-in-law. The motorcycle was owned by the appellant's husband, Timothy Costello, and was insured by the Allstate Insurance Company. As a result of the accident, the appellant incurred medical expenses in excess of $300,000. The appellant and Timothy Costello were separated and living apart at the time of the accident.

Thereafter, the appellant received $200,000 in insurance proceeds from Allstate. The $200,000 payment was upon the insurance policy for the motorcycle and exhausted that policy's underinsured motor vehicle coverage. Another vehicle, however, a 1989 Dodge Caravan, was jointly owned by the appellant and Timothy Costello. Allstate had issued an insurance policy upon the Dodge Caravan, including underinsured motor vehicle coverage in the amount of $100,000 per person. The policy upon the Dodge Caravan was obtained through Louis J. Diguglielmo, an agent of Allstate, and was in effect at the time of the accident. Only Timothy Costello was listed as the named insured upon the Dodge Caravan policy.

Although the appellant and Timothy Costello were married and living in the same household at the time Allstate issued the Dodge Caravan policy, the appellant and Timothy Costello, as indicated above, were separated and living apart at the time of the July 1, 1990, accident. The Dodge Caravan policy defined an "insured" as "the named insured and, while residents of the same household as the named insured, his spouse and the relatives of either." Allstate determined that the appellant was not entitled to underinsured motor vehicle coverage under the Dodge Caravan policy because the appellant was neither a named insured upon the policy nor, at the time of the accident, a resident of Timothy Costello's household.

In December 1992, the appellant instituted an action in the Circuit Court of Jefferson County against Allstate and Louis J. Diguglielmo concerning the underinsured motor vehicle coverage under the Dodge Caravan policy.[1] Although the appellant did not contend that she was a resident of Timothy Costello's household during the period in question, she sought, instead, to be included as a named insured on the Dodge Caravan policy. Moreover, the appellant asserted that Louis J. Diguglielmo wrongfully failed to cause her to be listed as a named insured upon that policy. In particular, the amended complaint of the appellant states: "At the time said application for Allstate insurance on the Caravan policy was made and taken, Timothy Costello and Linda Costello reasonably expected that Linda Costello would be included as an insured person under the underinsurance coverage and said policy should be reformed in order to include said coverage."

In March 1994, a jury trial was conducted in the circuit court. At the close of the appellant's case, the circuit court, finding as a matter of law that the appellant was not a named insured on the Dodge Caravan policy, directed a verdict for Allstate and permitted the action to proceed upon the question of whether the conduct of Louis J. Diguglielmo constituted negligence. The jury returned a verdict in favor of Louis J. Diguglielmo. The final order of the circuit court, entered on April 25, 1994, denied the appellant's motion for a new trial, and this appeal followed.

1. It should be noted that the record in this action is unclear upon the issue of fault concerning the July 1, 1990, accident and upon the question of why the appellant would otherwise be entitled to collect underinsured motor vehicle insurance proceeds under the Allstate policies upon the motorcycle and the Dodge Caravan. The circumstances of the accident and the responsibility therein of Marshall Costello and Harpers Ferry River Riders, Inc. are not explained. The appellant and the appellee did not address those matters in the argument and briefs before this Court, and only a partial transcript of the proceedings below has been submitted. In addition to the Allstate Insurance Company and Louis J. Diguglielmo, Marshall Costello, Harpers Ferry River Riders, Inc., State Farm Mutual Automobile Insurance Company and Russell Cave, an agent of State Farm, were joined as defendants. Those additional defendants are not involved in this appeal. The sole issue before this Court, as framed by the appellant and the appellee, concerns agent Louis J. Diguglielmo and the theory of reasonable expectation of insurance. Our review in this action is limited accordingly.

This appeal concerns only the jury verdict for Louis J. Diguglielmo.

## II

The appellant's evidence at trial consisted largely of her testimony to the effect that when she and her husband, Timothy Costello, applied for the Allstate insurance policy on the Dodge Caravan, at Louis J. Diguglielmo's office, Louis J. Diguglielmo was informed that the appellant and her husband were to receive "identical" coverage. Accordingly, asserts the appellant, Louis J. Diguglielmo should have listed the appellant as a named insured on the policy. The appellant contends that, therefore, the circuit court committed error in refusing to instruct the jury upon the theory of reasonable expectation of insurance.

On the other hand, the appellee, Louis J. Diguglielmo, contends that the doctrine of reasonable expectation of insurance applies only in circumstances where an insurance policy is ambiguous. According to the appellee, since the Dodge Caravan policy did not list the appellant as a named insured, and the policy was not ambiguous, the circuit court was correct in refusing to instruct the jury upon that doctrine.

In syllabus point 8 of *National Mutual Insurance v. McMahon & Sons,* 177 W.Va. 734, 356 S.E.2d 488 (1987), this Court held: "With respect to insurance contracts, the doctrine of reasonable expectations is that the objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations." In that case, this Court noted that the doctrine of reasonable expectations is limited to instances in which the policy language is ambiguous. 177 W.Va. at 742, 356 S.E.2d at 496.

Since the decision in *National Mutual Insurance,* we have discussed the doctrine of reasonable expectation of insurance on several occasions. *Silk v. Flat Top Construction,* 192 W.Va. 522, 525–26, 453 S.E.2d 356, 359–60 (1994); *Marcum Trucking Company v. United States Fidelity and Guaranty,* 190 W.Va. 267, 271, 438 S.E.2d 59, 63 (1993); *Nadler v. Liberty Mutual Fire Insurance Company,* 188 W.Va. 329, 337, 424 S.E.2d 256, 264 (1992); syl. pt. 3, *State Board of Vocational Education v. Janicki,* 188 W.Va. 100, 422 S.E.2d 822 (1992); syl. pts. 1 and 2, *Keller v. First National Bank,* 184 W.Va. 681, 403 S.E.2d 424 (1991); *Horace Mann Insurance v. Leeber,* 180 W.Va. 375, 380–81, 376 S.E.2d 581, 586–87 (1988).

The *Keller* case, *supra,* relied upon by the appellant, somewhat extended the doctrine of reasonable expectation of insurance beyond circumstances involving ambiguous policy language. In *Keller,* Georgia Keller purchased credit life insurance in conjunction with a loan she obtained from the First National Bank of Beckley. The insurance was purchased through the Bank, as agent for Integon Life Insurance Co. Subsequently, the note for the loan and the credit life insurance were renewed by the Bank. However, Ms. Keller's health had deteriorated, and the credit life insurance was renewed in error. Although the Bank then cancelled the charge for the insurance, the Bank failed to notify the Keller family that the credit life insurance would not be issued. Soon after, Georgia Keller died, and the Bank and Integon asserted that no credit life insurance proceeds were payable. Ms. Keller's son, to whom she had previously executed a power of attorney, maintained that he believed that the credit life insurance premium had been included in the payments upon the renewal note. The circuit court, however, dismissed a suit for the insurance proceeds.

In *Keller,* we reversed and remanded the case for a factual development concerning the doctrine of reasonable expectations. Rather than relying upon an ambiguity concerning the loan or the credit life insurance, this Court observed, in *Keller,* that the expectation of insurance was based primarily upon the Bank's renewal note, which appeared to offer credit life insurance. 184 W.Va. at 686, 403 S.E.2d at 429. Moreover, we indicated, in *Keller,* that procedures which foster a misconception about the insurance to be purchased may be considered with regard to the doctrine of reasonable expectation of insurance. 184 W.Va. at 685, 403

S.E.2d at 428. Upon this latter point, the *Keller* opinion states:

Although the record establishes that Mrs. Keller did not complete an application ·in person and that no certificate of insurance was issued, the record fails to show that Mrs. Keller knew the application procedures and that failure to follow them would mean no credit life insurance. The Bank, which controlled all the pertinent information about the insurance and the application process, had a duty fairly to disclose the mechanics of procuring insurance.

184 W.Va. at 687, 403 S.E.2d at 430.

Finally, this Court observed, in *Keller,* that "[i]f the creditor, who is an agent for an insurance company, creates a reasonable expectation of insurance coverage, then both the insurance company and the creditor would be bound." 184 W.Va. at 685, 403 S.E.2d at 428.

In this action, the appellant and Timothy Costello testified that they were both present in Louis J. Diguglielmo's office when the application for insurance upon the Dodge Caravan was made. The application form was signed by Timothy Costello only but contains information concerning the appellant, such as her date of birth, status as a housewife and drivers license number. The Dodge Caravan was jointly owned by the appellant and Timothy Costello, and Louis J. Diguglielmo testified that, had the appellant been listed as a named insured, no additional premium for the policy would have been charged. Louis J. Diguglielmo further testified that, during the application process, he reviewed an earlier policy of motor vehicle insurance issued to the Costellos by another company, and that policy listed both the appellant and Timothy Costello as named insureds.

Moreover, Louis J. Diguglielmo stated that he could not recall whether the appellant was present when the application for insurance upon the Dodge Caravan was made, and, furthermore, he could not recall whether, if she had been present, he discussed with her the consequences of not being listed as a named insured. Nevertheless, stating that they were present in Mr. Diguglielmo's office that day, both the appellant and Timothy Costello indicated at trial that they intended to obtain identical coverage concerning the Dodge Caravan. In particular, the appellant testified that, at the time the Dodge Caravan policy was issued, she believed that she and Timothy Costello had identical coverage.[2]

It must be emphasized that, in this action, the appellant does not appeal the entry of a directed verdict in favor of Allstate. Rather, this appeal concerns only the negligence claim against Louis J. Diguglielmo which was submitted to the jury by the circuit court. As the above facts suggest, Louis J. Diguglielmo's conduct during the application process may have created a reasonable expectation of insurance upon the part of the appellant. The doctrine of reasonable expectation of insurance has been associated primarily with contract actions, rather than tort actions. *Trammell v. Prairie States Insurance,* 473 N.W.2d 460, 463 (S.D.1991). In this action, however, the appellant's claims against Mr. Diguglielmo, as

---

2. Louis J. Diguglielmo testified at trial as follows:

Q. Yes, sir, the fact that there would be, if she did not end up as a named insured on that policy, there might be some circumstances under which she would not have underinsurance benefits, did you take that up with them if they were both there?

A. I don't recall. The only thing I know it would be discussed, the underinsurance coverage, and he or Linda, whoever was there was able to include that coverage as an option.

Nevertheless, Timothy Costello testified:

Q. Now, Mr. Costello, you say you went to Mr. Diguglielmo's office and told him that you wanted insurance for you and you wanted it for your wife too, as long as she was a resident in your household?

A. No sir, I did not.

Q. You just went there and said that you wanted insurance, and the bank had told you [you] both had to be insured, isn't that what you told him?

A. That's exactly what I told him.

The appellant's testimony, however, is more specific. As she stated at trial:

Q. Did ... at the time that policy was issued on the application, did you have any understanding that there was a difference in the kind of coverage that was given to Tim and the kind of coverage which was given to you?

A. No, I thought I was getting the same kind as Tim, because we specified it.

Q. You thought it was identical?

A. Yes.

set forth in the amended complaint, included negligence, breach of contract, mistake, breach of fiduciary duty and false representation. Under the circumstances of this action, therefore, and upon the above language of *Keller*, this Court is of the opinion that the circuit court committed reversible error in refusing to instruct the jury concerning the appellant's theory of reasonable expectation of insurance. As we stated in syllabus point 3 of *Blackburn v. Smith*, 164 W.Va. 354, 264 S.E.2d 158 (1980): " 'Where [in a trial by jury] there is competent evidence tending to support a pertinent theory in the case, it is the duty of the trial court to give an instruction presenting such theory when requested so to do.' Syl. pt. 3, *State v. Foley*, 128 W.Va. 166, 35 S.E.2d 854 (1945)." Here, the appellant should have an opportunity to advance the doctrine of reasonable expectation of insurance upon retrial.[3]

Upon all of the above, therefore, the final order of the Circuit Court of Jefferson County, entered on April 25, 1994, is reversed and this action is remanded to that Court for proceedings consistent with this opinion.

Reversed and remanded.

ALBRIGHT, J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.

---

**3.** In his response to the petition for appeal to this Court, Louis J. Diguglielmo asserts that the amended complaint, by which he was added as a defendant, was untimely filed, and, therefore, he was entitled to a dismissal from this action. After the filing of that response, we granted this appeal and issued a briefing schedule. The brief filed on behalf of Mr. Diguglielmo, however, did not argue that issue. As this Court held in syllabus point 6 of *Addair v. Bryant*, 168 W.Va. 306,

284 S.E.2d 374 (1981): "Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived." *State v. George W.H.*, 190 W.Va. 558, 563 n. 6, 439 S.E.2d 423, 428 n. 6 (1993); *State v. Green*, 187 W.Va. 43, 50, 415 S.E.2d 449, 456 (1992); *State v. Schoolcraft*, 183 W.Va. 579, 581, 396 S.E.2d 760, 762 (1990); *State v. Davis*, 153 W.Va. 742, 748, 172 S.E.2d 569, 573 (1970).