479 S.E.2d 607

**Raymond P. ELRICK and Sharon A. Elrick, Plaintiffs Below, Appellants,**

v.

**Larry W. BROWN and Siron Trucking, Inc., Defendants Below, Appellees.**

No. 23338.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 25, 1996.

Decided Nov. 15, 1996.

98

Jeffrey T. Jones, Kessler & Jones, Charleston, for Appellants.

Geraldine S. Roberts, Tracey A. Rohrbaugh, McNeer, Highland, McMunn & Varner, L.C., Clarksburg, for Appellees.

PER CURIAM:

This is an appeal by Raymond P. Elrick and Sharon A. Elrick, his wife, from an order of the Circuit Court of Randolph County denying them a new trial in a personal injury action.[1] In the action, a jury had found both the appellants and the appellee 50% negligent for a vehicle accident which occurred on November 2, 1993. As a consequence, under West Virginia's comparative negligence rule, the appellants received no recovery. On appeal, the appellants claim that the trial court erred in instructing the jury and that jury's verdict was against the weight of the evidence. They also claim that the fact that the appellee's counterclaim was dismissed should have acted as an adjudication upon the merits of the appellee's claim and, in effect, dictates that they are entitled to a recovery. After reviewing the issues raised, this Court believes that the trial court did err in instructing the jury, and we reverse and remand on that point. Inasmuch as a new trial is required, we conclude that it is unnecessary to address the question of whether the evidence supports the verdict rendered. Lastly, we find that the claim relating to the dismissal of the counterclaim is without merit.

The accident which gave rise to this claim occurred at 5:30 a.m. on November 2, 1993, on W.Va. Route 33 in Randolph County. At the time of the accident, the appellant, Raymond P. Elrick, was driving east toward Elkins, West Virginia, and approaching a lefthand curve. A tractor-trailer driven by the appellee, Larry W. Brown, was heading in a westward direction and negotiating the curve. At the trial of this case, Mr. Elrick testified that immediately prior to the accident he saw the driver's side of the cab of the tractor-trailer across the center line of the road. According to his testimony, when he observed this he moved as far to the right in his lane as he could go without going off the berm. At about the same time, the cab of the tractor-trailer swerved back into the proper lane. Mr. Elrick further testified that as he passed the cab, he observed the trailer of the tractor-trailer, which had not previously been visible because of headlights, jackknifing toward him in his lane. Immediately after this happened, an impact occurred in his lane.

Further evidence showed that after the accident Mr. Elrick's vehicle was resting on his side of the road, halfway on the berm. There was a gouge mark in Mr. Elrick's lane which was caused by Mr. Elrick's vehicle. A State Trooper, Christopher D. Kelly, investigated the accident and was properly qualified as an expert in accident investigation. He testified to a reasonable degree of certainty that the tractor-trailer driven by the appellee, Larry W. Brown, had crossed the center line of the road and, in so doing, had collided with the vehicle driven by Mr. Elrick. Trooper Kelly testified that there was debris in Mr. Elrick's lane and that there was a gouge mark in Mr. Elrick's lane caused by a tire on the driver's side of the Elrick vehicle. According to Trooper Kelly, this gouge mark showed that the point of impact was six feet and seven inches from the berm on Mr. Elrick's side of the road. Mr. Elrick's lane was eleven feet and nine inches wide, and the implication to be drawn from Trooper Kelly's testimony was that the impact occurred five

1. The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals, effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996, and continuing until further order of this Court.

feet and two inches from the center line in Mr. Elrick's lane.

The driver of the tractor-trailer, Larry Brown, testified that he never saw the Elrick vehicle cross the center line of the road, nor could he say that Mr. Elrick was speeding. He testified that he turned wide on the curve where the accident occurred and he saw the Elrick vehicle and remembered that its lights were on. He also claimed that his tractor never crossed the center line but admitted that he could not see his trailer.

At the close of their case, the appellants moved for a directed verdict.

The court denied the motion for a directed verdict for the Elricks but directed a verdict in their favor on the appellees' counterclaim because the appellees had not timely disclosed their witnesses in support of the counterclaim. At the conclusion of the evidence, the appellants offered a number of instructions. In lieu of many of those instructions, the trial court gave a charge covering the same matters.

■ Among the instructions proffered by the appellants was Plaintiffs' Instruction No. 12. That instruction stated:

The Court instructs the jury that West Virginia law requires drivers of vehicles proceeding in opposite directions on a road to pass each other to the right, and upon roadways having width for not more than one line of traffic in each direction each driver shall give to the other at least one half of the main-traveled portion of the roadway as nearly as possible. Further each driver is justified in assuming the driver of an oncoming automobile will observe this requirement.

Therefore, if you should find from a preponderance of the evidence that the vehicle operated by Larry W. Brown failed to pass Raymond Elrick to the right or to provide him at least one half of the roadway, and that such negligence was a proximate cause or contributing factor of the collision, then you should find for plaintiffs.

On appeal, one of the appellants' principal assertions is that the trial court refused to give instructions proffered by them, including the instruction just quoted, prior to submitting the case to the jury.

■ This Court has consistently held that it is the duty of a trial judge to give a proffered instruction presenting a party's theory of a case when such theory is supported by competent evidence and when requested to do so. Specifically, we have held:

"Where [in a trial by jury] there is competent evidence tending to support a pertinent theory in the case, it is the duty of the trial court to give an instruction presenting such theory when requested to do so." Syl. pt. 3, *State v. Foley*, 128 W.Va. 166, 35 S.E.2d 854 (1945).

Syllabus point 3, *Blackburn v. Smith*, 164 W.Va. 354, 264 S.E.2d 158 (1980). *See also Costello v. Costello*, 195 W.Va. 349, 465 S.E.2d 620 (1995); *Collins v. Columbia Gas Transmission Corporation*, 188 W.Va. 460, 425 S.E.2d 136 (1992); *Catlett v. MacQueen*, 180 W.Va. 6, 375 S.E.2d 184 (1988); and *McMillen v. Dettore*, 161 W.Va. 346, 242 S.E.2d 459 (1978).

West Virginia Code § 17C-7-2 prescribes rules for vehicles approaching on opposite directions on public roadways. That statutory section provides:

Drivers of vehicles proceeding in opposite directions shall pass each other to the right, and upon roadways having width for not more than one line of traffic in each direction each driver shall give to the other at least one half of the main-traveled portion of the roadway as nearly as possible.

In *Parks v. Tillis*, 112 W.Va. 295, 164 S.E. 797 (1932), this Court recognized that the failure to observe the provisions of the former W.Va.Code § 17-8-4, which covered this same subject matter, raises a presumption of negligence.

After reviewing Plaintiffs' Instruction No. 12, this Court believes that it properly states the law in West Virginia relating to passing on the roadway in question and properly sets forth the essential requirements of W.Va. Code § 17C-7-2.

In examining the record, the Court cannot find that this instruction was covered by the trial court's charge to the jury. Such examination, on the other hand, shows that the

competent evidence adduced, while not conclusive, would support the theory that the accident in the present case was caused by the failure of the defendant truck driver to cede to the appellant, Raymond P. Elrick, one-half of the main-traveled portion of the roadway where the accident occurred.

Under the circumstances, and in view of the requirements of the law relating to the responsibility of the trial court to give requested instructions supported by competent evidence, this Court believes that the trial court in the present case erred in failing to give Plaintiffs' Instruction No. 12 or an instruction which covered the same subject matter and that this error was prejudicial to the appellants' cause. Because of the failure of the trial court to give the instruction, the Court believes that the judgment of the circuit court rendered on they jury's verdict in the present case must be reversed and set aside and that this case must be remanded for a new trial.

Inasmuch as the Court has concluded that the appellants are entitled to a new trial, and since it is impossible to state what evidence will be adduced during the new trial, this Court does not believe that it is necessary to address the question of whether the verdict rendered by the jury during the trial presently under examination was contrary to the weight of the evidence.

The Court notes that the appellants also claim that the trial court erred in failing to find that the dismissal of the defendants' counterclaim against them should have acted as an adjudication upon the merits of their claim of negligence. The thrust of this claim is that the court's dismissal was a Rule 41 dismissal on the merits. Clearly, this was not a dismissal on the merits, but was a dismissal for the failure of the defendants to disclose witnesses. Accordingly, the Court believes that the provision of Rule 41 is not applicable and that the trial court did not err in failing to direct that the verdict on the counterclaim acted as an adjudication upon the merits of the defendants' claim.

As previously indicated, because of the failure of the trial court to give Plaintiffs' Instruction No. 12, this Court believes that the judgment of the circuit court must be reversed and this case must be remanded for a new trial.

The judgment of the circuit court is, therefore, reversed, and this case is remanded for a new trial.

Reversed and remanded.

RECHT, Judge, sitting by temporary assignment.